DOMENGEAUX, Judge.
Defendant, Vernon Parish Police Jury, appeals from a judgment awarding $109,-548.80 to plaintiff, James N. Hennigan, for personal injuries. We affirm the judgment of the district court.
The issues presented on appeal are:
(1) Was the Police Jury guilty of negligence which was a proximate cause of the accident?
(2) Were the damages awarded to plaintiff excessive?
On January 30, 1979, plaintiff, James N. Hennigan, incurred personal injuries as a result of his automobile striking a hole in a bridge known as the “Slough Bridge” on Harvey Road in Vernon Parish. The hole was approximately one foot wide, three to three and one-half feet long, and its open depth to the water line was three to five feet. The accident occurred on a rainy morning between 11:00 and 11:30 A.M. Plaintiff was driving at a speed of approximately twenty miles per hour when approaching the bridge. He did not see the hole on the bridge until it was too late to avoid striking it. After striking the hole the plaintiff’s car turned over and toppled off the bridge, there being no railings on the bridge. There were no warning signs of any kind posted pertaining to the condition of the bridge. The plaintiff had not *585 travelled on this road for approximately five years.[1]
As a result of striking the hole, plaintiff received injuries requiring hospitalization and treatment by his physician. He instituted suit against the Police Jury of Vernon Parish to recover the damages incurred. The parish answered and denied liability.
After trial on the matter the district court rendered judgment on September 4, 1981, in favor of plaintiff in the sum of $100,000.00 as general damages and $9,548.80 as special damages. The defendant has perfected this appeal.
LIABILITY OF POLICE JURY
Under negligence theory, a public body is responsible for damages caused a motorist if the public body has either actual or constructive notice of the defect which caused the accident and failed to remedy the situation within a reasonable time.[2] Fontenot v. State of Louisiana, through the Department of Highways, 346 So.2d 849 (La.App. 1st Cir. 1977).
The evidence shows that the defective condition on the bridge was of long standing and was constantly recurring. The road foreman for the defendant testified that it had to be repaired two or three times previously. There was much testimony at the trial of the frequency of the repairs and the quality of the repair work. A C.E.T.A. employee, James Ersel, testified that the repair work that he did on the bridge was patch work in October, 1978, and March or April, 1979. This repair work covered a period approximately three months prior to the accident and approximately three months after the accident.
Furthermore, the record reflects that any repairs made to the bridge were not adequate and could not be expected to last any length of time. Mr. Larry Bailey, an employee of the defendant, testified that at times the repair work to the bridge would not last more than a couple of days. The record also reflects, through the testimony of the witnesses, that various employees of the Police Jury passed over the bridge with some degree of regularity and were aware of the defective condition of the bridge. Testimony also indicated that there were no warning signs posted by the Police Jury to advise motorists of the constantly recurring defective condition of the bridge.
The evidence is clear that the hole in the bridge was a recurring problem which the Police Jury failed to adequately remedy on numerous occasions. The Police Jury had adequate constructive and actual knowledge of this defect and failed to warn motorists of the hazardous condition. Under the facts and testimony presented to this court we must concur with the trial court’s determination that the Vernon Parish Police Jury was guilty of negligence which resulted in injuries to the plaintiff.
QUANTUM
The only remaining issue concerns the amount of quantum awarded to plain *586 tiff. Appellant contends that the trial court abused its discretion in awarding plaintiff $100,000.00 general damages. In the assessment of quantum of damages, much discretion is left to the trier of fact and the award may be disturbed only if the record clearly reveals abuse of this discretion.
Plaintiff was a 34 year old male, married and the father of four children. He was a self-employed firewood cutter. As a result of the accident, plaintiff incurred a severe back injury diagnosed as a herniated disc. Surgery was required, which resulted in the removal of the nucleus pulposus of the disc at L-5 and a laminectomy and fusion of L-4, L-5, and S-i. After surgery, plaintiff remained immobilized in a spica cast for a period of two months. Plaintiff was then required to wear a back brace for an extended period of time. Doctor Schneider, an attending orthopedist, testified plaintiff was still disabled to do any heavy work and estimated that he would have a permanent 20% disability.
The medical record is clear that plaintiff suffered a severe injury resulting in intense pain over an extended period of time and will endure partial permanent disability. The record does not show an abuse of discretion on the part of the trial court in awarding $100,000 in general damages.
Accordingly, the trial court judgment is affirmed. Appellant, Vernon Parish Police Jury, is to bear all costs of this appeal.
AFFIRMED.

. Although the plaintiffs contributory negligence is not at issue on appeal, we quote a portion of the trial judge’s reasons concerning plaintiffs actions and the scenario which he faced as follows:
“Although the evidence showed that plaintiff was traveling at a relatively slow rate of speed, about 20 miles per hour, his failure to see the hole is understandable for several reasons: he was not particularly familiar with the road; it was raining at the time and leaves and debris had gathered around and over the hole which tended to obscure his vision thereof; and the bridge is situated at the end of a curve, if going in the direction in which plaintiff was traveling. The bridge, moreover, had no guard rails and there were no signs or warning devices to alert an unsuspecting driver of the bridge’s presence or of any hazardous condition. The bridge seemed to be a mere extension of the roadway (see P-1, regarding which the photographer stated that she had to remove the leaves, etc., in order to take the picture of the hole.)”

. Plaintiff suggests, alternatively, that the doctrine of strict liability would be applicable in this case under the pronouncements of the Louisiana Supreme Court in Jones v. City of Baton Rouge, Inc., 388 So.2d 737 (La.1980). However, he contends, and we agree, that there is ample evidence of negligence on the part of the Police Jury to allow us to decide this case under negligence theory. Consequently, we shall proceed accordingly.