537 So.2d 296 (1988)
Raymond SOUDELIER, Individually and as Administrator of the Estate of the Minor Children, Theresa Soudelier, Deena Soudelier and Eric Soudelier, and Mary Ann Soudelier, Individually
v.
Mary W. MILLER, Miss K Limited, and United States Fidelity and Guaranty Insurance Company.
No. CA 87 1379.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
Keith M. Whipple, Houma, for plaintiffs and appellantsRaymond Soudelier et al.
Robert D. Morvant, Thibodaux, for defendants and appelleesMary W. Miller, et al.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Raymond Soudelier and his wife, Mary Ann Soudelier, brought suit individually and on behalf of their minor children (Theresa, Deena and Eric Soudelier) for damages arising out of an automobile accident in which they were all involved on April 10, 1985. Mary W. Miller, Miss K Limited (Mrs. Miller's employer which was *297 later dismissed) and United States Fidelity and Guaranty Insurance Company "USF & G" (Mrs. Miller's insurer) were named as defendants. The case was tried before a jury; however, the judge granted a directed verdict as to Mrs. Miller's liability and only let the jury decide the quantum issues. After a two-day trial, the jury handed down a verdict awarding damages to the plaintiffs as follows:

Raymond Soudelier:
 a. Mental and physical pain and suffering,
 past, present and future $ 25,000.00
 b. Physical impairment, past, present
 and future 35,000.00
 c. Medical expenses, past and future 20,000.00
 d. Loss of earnings and/or earning
 capacity, past and future 170,000.00
 ___________
 TOTAL $250,000.00
Deena Soudelier:
 a. Mental and physical pain and suffering,
 past, present and future $ 250.00
 b. Past medical expenses 42.00
 ___________
 TOTAL $ 292.00
Theresa Soudelier:
 a. Mental and physical pain and suffering,
 past, present and future $ 500.00
 b. Past medical expenses 700.00
 ___________
 TOTAL $ 1,200.00
Eric Soudelier:
 a. Mental and physical pain and suffering,
 past, present and future $ 250.00
 b. Past medical expenses 42.00
 ___________
 TOTAL $ 292.00
Mary Ann Soudelier:
 a. Mental and physical pain and suffering,
 past, present and future $ 2,500.00
 b. Past medical expenses 42.00
 c. Loss of consortium, service and society 5,000.00
 ___________
 TOTAL $ 7,542.00

Plaintiffs appeal from this judgment, they contend that the jury erred in awarding a total of $60,000.00 general damages to Raymond Soudelier. Plaintiffs argue that according to Morris v. State of Louisiana, Through the Department of Transportation and Development, 461 So.2d 606 (La.App. 1st Cir.1984), the lowest limit a trier of fact may award for an anterior cervical discectomy and cervical disc fusion in general damages is $125,000.00.
Defendants answered this appeal, assigning the following errors:
1. The district court was in error in granting a directed verdict on the question of liability because there was ample testimony by Mrs. Mary W. Miller that Raymond Soudelier came to a sudden and unexpected stop in front of her and therefore the issue of comparative and/or contributory negligence on the part of Raymond Soudelier should have gone to the jury.
2. The district judge was also in error in allowing the jury to examine the policy of insurance issued by United States Fidelity and Guaranty Company to Mary W. Miller and Miss K Limited in spite of the fact that the question of her ability to pay was not raised as a defense and such action influenced the jury in rendering a much higher award to Raymond Soudelier than he was entitled to.
3. The district judge was in error in awarding an excessive amount of damages to Raymond Soudelier for loss of income and said award should be reduced.

FACTS
Just prior to the accident on April 10, 1985, both the Soudelier vehicle and Mrs. Miller's vehicle were traveling in a northerly direction on Louisiana State Highway 24 in Terrebonne Parish. The Soudelier car came to a complete stop after the vehicle in front of it stopped in the normal flow of traffic. Mrs. Miller admits that she momentarily glanced to her left to look in a store window and when she looked forward, the Soudelier vehicle was stopped. Mrs. Miller was unable to avoid the rear-end collision with the Soudeliers.
Immediately after the accident, all five of the Soudeliers claimed they were injured. Mr. Soudelier suffered a serious injury to his neck, which eventually resulted in surgery to remove a bulging cervical disc and to fuse his cervical spine at the level where the disc was removed.

QUANTUM
Pain-Disability
Plaintiffs argue on appeal that we have "made it crystal clear in Morris v. State of Louisiana, 461 So.2d 606 (1st Cir.1984) [sic] that the minimum award to which Mr. *298 Soudelier is entitled for an anterior discectomy and cervical disc fusion is $125,000.00."
We have reviewed our holding in Morris and we disagree with the plaintiff's interpretation of that case. We specifically state in Morris, 461 So.2d at 609, that "we increase the award for general damages to $125,000, which we find to be the lowest limit that the trial court could have awarded for the extensive and painful injuries sustained by the plaintiff." Our award for general damages in Morris was tailored to fit that particular plaintiff under those circumstances.
The sufficiency or insufficiency of an award for damages should be determined by the facts and circumstances peculiar to the case. Before an award may be questioned as inadequate or excessive, the reviewing court must look to the individual circumstances of the instant case. This initial inquiry must be directed to whether the award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So. 2d 498 (La.1979). In this initial determination of excessiveness or inadequacy, an examination of prior awards has a limited function and may serve as an aid in this determination only when the present award is greatly disproportionate to the mass of awards in prior cases involving similar injuries, facts and circumstances. Reck, 373 So.2d at 501.
Mr. Soudelier underwent surgery on his neck nine months after the accident. Although he continued to work during those nine months, Mr. Soudelier was in constant pain. Only after it was determined that conservative treatment was not helping Mr. Soudelier, he underwent the discectomy and fusion surgical procedure. Mr. Soudelier is diagnosed as having a disability as low as 15% and as high as 25%. He also has a permanent nerve injury from the fusion surgical procedure which may require a future operation.
We have thoroughly considered the record and the $60,000.00 general damage award made to Mr. Soudelier and we find that although the award is on the low side, there was no abuse of the much discretion vested in the jury. Therefore, we cannot substitute our judgment for that of the jury; the award is within the bounds of the jury's discretion.
Loss of Income
Defendants argue that an excessive amount of damages for loss of income was awarded to Mr. Soudelier. A loss of future income award is not predicated merely upon the difference between a plaintiff's earnings before and after an injury. We must also examine the loss of Mr. Soudelier's earning potential. See Rodgers v. National Dealer Services, Inc., 508 So.2d 1007 (La.App. 2d Cir.), writ denied, 512 So.2d 1183 (La.1987). "An award for future loss of earnings is inherently speculative and cannot be calculated with absolute certainty. The most that courts can do is exercise sound discretion and make an award that in the light of all facts and circumstances is fair to both litigants while not being unduly oppressive to either." Rodgers, 508 So.2d at 1011.
We have reviewed the damages for past and future lost wages to Mr. Soudelier ($170,000.00) in light of the evidence that Mr. Soudelier will probably not be able to go back to work at his former job. We do not find an abuse of the jury's much discretion in this regard.

DIRECTED VERDICT
Defendants contend that the trial judge erred in granting a directed verdict on the question of liability. Defendants argue that there was ample testimony that Mr. Soudelier came to a sudden and unexpected stop in front of Mrs. Miller and therefore the issue of comparative negligence on the part of Mr. Soudelier should have gone to the jury. A motion for directed verdict should be granted only if the facts and inferences are so overwhelming in favor of the moving party that the court believes that reasonable persons could not arrive at a contrary verdict. Theriot v. St. Martin Parish School Board, 434 So.2d *299 668, 670 (La.App. 3d Cir.1983). Thus, if reasonable persons on the jury could have found in favor of defendants, the motion for a directed verdict on behalf of plaintiffs should not have been granted.
When the trial judge ruled on the plaintiffs' motion for directed verdict as to liability, he stated "[t]here has not been one shred of evidence of any contributory negligence on the part of the plaintiff.... It is undisputed that the defendant was in fact guilty of negligence." Based upon Mrs. Miller's admission of negligence in taking her eyes off of the road by glancing in a store window moments before the collision, we find that the evidence on liability is so overwhelmingly in favor of plaintiffs that reasonable persons could not reach a contrary decision. We have thus concluded that the trial judge did not err in granting plaintiffs' motion for a directed verdict on the question of liability.

DISCLOSURE OF POLICY LIMITS TO JURY
Defendants contend that the trial court committed manifest error in allowing the jury to examine the policy of insurance issued by USF & G to Mrs. Miller and Miss K Limited.
Initially, we note that the policy was introduced into evidence by defendants. The trial court accepted the policy, and we find no error in the admission of the insurance policy and the policy limits. See Case v. Arrow Trucking Company, 372 So.2d 670, 677 (La.App. 1st Cir.), writ denied, 375 So.2d 944 (La.1979).
Furthermore, in Arceneaux v. Domingue, 365 So.2d 1330, 1336 (La.1978), counsel for plaintiff and defendant had stipulated the insurance coverage and its limits. The trial court refused to inform the jury as to the contents of the stipulation. The supreme court held that the trial court committed error, stating: "In a jury trial, the jury is entitled to know all the evidence. We know of no statute or jurisprudence which, in the absence of agreement of the litigants, would permit admissible evidence to be withheld from the jury."
In light of the fact that defendants introduced the insurance policy into evidence, and plaintiffs did not object, we find the trial court was not clearly wrong in allowing the policy limits into evidence and before the jury.
For the foregoing reasons, we affirm the judgment of the trial court in all respects. Costs of this appeal are to be borne equally by plaintiffs, the Soudeliers, and defendants, Mrs. Miller and USF & G.
AFFIRMED.