543 So.2d 519 (1989)
Olidia Rickerson, Wife of/and Edward RICKERSON
v.
FIREMAN'S FUND INSURANCE COMPANY, John DeBlois, George W. Sheperd, Jr., Sheperd Sales and Service, Inc. and ABC Insurance Company.
No. CA 87 1402.
Court of Appeal of Louisiana, First Circuit.
April 20, 1989.
*520 Gary T. Breedlove, Metairie, for defendants and appellants Fireman's Fund Ins. Co., et al.
Robert L. Manard, III, New Orleans, for plaintiffs and appellees Olidia Rickerson, et al.
Before CARTER, LANIER, CRAIN, ALFORD and LeBLANC, JJ.
LeBLANC, Judge.
This appeal involves a personal injury suit. Plaintiff, Olidia Rickerson, was a passenger in an automobile that was hit in the rear by another vehicle. Plaintiff filed suit against the driver of the vehicle, John DeBlois; his insurer, ABC Insurance Company[1]; Mr. DeBlois' employer, Shepard Sales and Service, Inc. (Shepard); and Shepard's insurer, Fireman's Fund Insurance Company. Mrs. Rickerson claimed that the accident caused cervical injury and brought suit to recover damages resulting from this injury.
After a trial in this matter, the jury returned a verdict finding Mr. DeBlois to be 100 percent at fault. The jury awarded plaintiff a total of $80,000.00 in damages, as follows:

Physical pain and suffering .......... $17,000.00
Mental pain and suffering ............ 5,000.00
Permanent disability and disfigurement
...................................... 13,000.00
Impairment of earnings capacity ...... 27,000.00
Medical expenses, past and future .... 18,000.00

Subsequently, plaintiff filed a motion for judgment notwithstanding the verdict requesting an increase in the awards of general damages: physical pain and suffering, mental pain and suffering and permanent disability and disfigurement. The trial judge determined that the jury's total award for general damages in the amount of $35,000.00 was an abuse of discretion. Accordingly, the trial court granted plaintiff's *521 motion for judgment notwithstanding the verdict (JNOV) and rendered a general damages award of $125,000.00, resulting in a total judgment of $170,000.00. From this judgment, defendants appeal raising the following issues:
1. Whether the trial judge erred in finding that the jury's general damages award of $35,000.00 was so low as to amount to an abuse of discretion?
2. Whether the trial court's action of increasing the general damages award from $35,000.00 to $125,000.00 was an abuse of discretion?
The accident from which this dispute arises occurred on May 23, 1985. Subsequent to the accident, plaintiff began to experience soreness in her neck and chest. She was examined by Dr. Jerry Levine, a general practitioner, on the day after the accident. Dr. Levine prescribed pain medication and muscle relaxers and referred plaintiff to Dr. Pete Rhymes, an orthopedic surgeon. Dr. Rhymes had treated plaintiff previously for cervical strain.
Dr. Rhymes examined plaintiff on May 27, 1985. At this time, plaintiff complained of pain in the right side of her neck which extended down into her right arm and hand. She reported that the pain was aggravated by physical activity. Upon examination, Dr. Rhymes noted muscle spasm and tightness in plaintiff's neck. X-ray examinations of the neck were normal. However, the motion of plaintiff's neck was about 50 percent of normal motion. Dr. Rhymes prescribed conservative treatment of plaintiff's neck which included physical therapy, the use of a neck collar, muscle relaxants and pain pills.
Since plaintiff's symptoms did not resolve within a three month period of conservative treatment, Dr. Rhymes referred plaintiff to Dr. Kenneth Vogel, a neurosurgeon. Dr. Vogel first examined plaintiff on November 14, 1985. Plaintiff reported pain in her neck, arms and low back. Dr. Vogel's examination revealed mild limitation of motion of the neck, mild muscle spasm and tenderness of the nerves and joints in the neck. Dr. Vogel determined that plaintiff's symptoms indicated partial nerve damage. Based upon the physical examination and a CT scan of plaintiff's neck, Dr. Vogel diagnosed that plaintiff was suffering from a herniated cervical disc at the C4-5 level. For about a month, plaintiff underwent conservative treatment which consisted of moist heat massage, traction and medication. Since plaintiff was experiencing intractable pain, Dr. Vogel recommended that plaintiff be hospitalized for further testing which confirmed the previous diagnosis of a herniated disc. Subsequently, Dr. Vogel recommended surgery. Thus, plaintiff underwent an anterior cervical fusion in January of 1986, which resulted in an 8-day hospital stay. After the surgery, plaintiff continued to experience mild limitation of the motion in her neck, mild cervical and shoulder pain and recurring muscle spasms. As of Dr. Vogel's last examination of plaintiff, approximately 4 months post-surgery, Dr. Vogel prescribed that plaintiff continue physical therapy.
When questioned regarding plaintiff's functional disability, Dr. Vogel explained that plaintiff would suffer pain from her cervical condition for the rest of her life. He explained that even the most successful surgical results would only resolve eighty to ninety percent of plaintiff's pain. Dr. Vogel explained that plaintiff could begin light work beginning about six months post-surgery and that she would reach maximum medical improvement one year after surgery. Dr. Vogel also explained that plaintiff could return to work one year post-surgery but that for the rest of her life she should avoid activities which would require her to lift, push, or pull greater than 35 pounds or repeatedly hyperextend her neck.
At the time of the trial in this matter, April 30, 1987, Mrs. Rickerson testified that she had not returned to work since the accident. At the time of the accident, Mrs. Rickerson was employed as a sales agent for an insurance company. Her previous work experience included domestic housework, janitorial work and work as a cook.
Appellants claim that the trial court erred in its determination that the $35,000.00 *522 general damages award was so low as to amount to an abuse of discretion. Appellants contend that plaintiff's medical history prior to the May 1985 accident established that one or more prior injuries to plaintiff's neck caused the herniated cervical disc and the resulting pain that plaintiff suffered from this condition. Thus, appellants argue that the jury award of $35,000.00 reflects the jury's belief that the 1985 accident was not the sole cause of plaintiff's injuries.
The record establishes that plaintiff had been involved in two other automobile accidents which resulted in cervical injury; one occurred during May of 1982 and the other occurred during April of 1984.
In May of 1982, Mrs. Rickerson was examined by Dr. Levine. She complained of a burning sensation and stiffness in her neck. Dr. Levine diagnosed cervical strain. Dr. Levine last examined plaintiff for this injury during June of 1982 and noted that plaintiff's condition was resolving.
Two months after the April 1984 accident, plaintiff was examined by Dr. Rhymes for pain in her neck and shoulder. A CT scan showed a bulge or mild herniation of a disc at C-4. Dr. Rhymes referred plaintiff to Dr. Don Judice, a neurosurgeon, for evaluation of the bulging disc. According to Dr. Rhymes' testimony, Dr. Judice reported to Dr. Rhymes that the bulging disc was not significant. Dr. Judice's diagnosis was that plaintiff suffered a cervical sprain. Plaintiff did not return to either Dr. Rhymes or Dr. Judice after September of 1984. Plaintiff explained that she did not have any significant neck pain after September of 1984, until the time of the May 1985 accident.
When Dr. Vogel was questioned regarding the cause of plaintiff's cervical injury, he stated that the May 1985 accident was the cause of plaintiff's herniated disc and the resulting pain that necessitated plaintiff's surgery. He explained that although the 1984 CT scan showed a bulging disc, surgery was not necessary at that time because plaintiff's symptoms resolved. According to the history that plaintiff reported to Dr. Vogel, she was asymptomatic for approximately eight months before the May 1985 accident. Dr. Vogel stated that the area of plaintiff's neck that had been injured prior to 1985 was predisposed to damage but had healed prior to the May 1985 accident. Dr. Rhymes also testified that he agreed with Dr. Vogel's opinion regarding the cause of plaintiff's injury.
Based on this unrefuted medical evidence establishing that plaintiff's latest neck injury was caused by the May 1985 accident and the jury's award of $18,000.00 for past and future medical bills (plaintiff's past medical bills were $12,983.72), the trial court concluded that the jury found that the 1985 accident caused plaintiff's herniated disc. We agree that any other finding would be contrary to the law and evidence.
We also agree that the trial court did not err in its determination that the $35,000.00 general damages award was an abuse of discretion. Therefore, the trial court did not err in granting a JNOV.
In Scott v. Hosp. Serv. Dist. No. 1, 496 So.2d 270 (La.1986) (citing Robertson v. Penn, 472 So.2d 927, 929 (La.App. 1st Cir.) writ denied, 476 So.2d 353 (La.1985), the Louisiana Supreme Court set forth the standard for a JNOV. The court explained that a JNOV should be granted "only when the evidence points so strongly and overwhelmingly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover." Applying this standard to the facts of the present case, we find that the facts regarding plaintiff's injury and subsequent treatment point so strongly and overwhelmingly in favor of a higher general damages award that reasonable men could not reach a different conclusion.
Plaintiff underwent conservative treatment for her neck and arm pain for over a half-year period. Afterwards, she endured a painful diagnostic testing procedure and surgery. After the surgery, plaintiff was not able to care for herself or perform any household chores for six weeks. At the time of trial, plaintiff testified that simple household chores of cooking and cleaning continue to cause pain in her right hand. *523 The medical testimony established that plaintiff will continue to experience pain resulting from her cervical condition for the rest of her life.
After rendering the JNOV, the trial court stated that "[t]he First Circuit Court of Appeal has ruled that the minimum award allowable for this type of injury is $125,000.00. Morris v. State Department of Transportation and Development, 461 So.2d 606 (La.App. 1st Cir.1984). Accordingly, the Court feels it has no choice but to increase the jury's award for general damages to $125,000.00,...."
In Morris, this court found that a general damages award of $34,232.07 was insufficient and raised the award to $125,000.00. Morris involved a plaintiff who suffered cervical injury and underwent surgery involving an anterial cervical discectomy and cervical disc fusion. However, the Morris holding does not mandate an award of $125,000.00 for general damages in all cases involving cervical disc fusion surgery. The general damages award in Morris was based on the facts and circumstances of that particular case. Soudelier v. Miller, 537 So.2d 296 (La.App. 1st Cir. 1988).
No two cases are ever exactly the same. Therefore, damage awards are not standardized for particular types of injuries. The awards must be based on the individual facts of each case. See, Reck v. Stevens, 373 So.2d 498 (La.1979). Thus we find that the trial court was not obliged to award plaintiff $125,000.00 in general damages. The trial court should have made an independent assessment of the injuries and damages in this case.
The reasons for judgment given by the trial judge do not clearly establish whether he was attempting to render a de novo finding or whether he was reviewing the jury's general damage award using the appellate standard of review set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).[2] The Coco standard of review does not apply to a trial court's review of a jury's award. Therefore, after rendering the JNOV, the trial court should have rendered a de novo award based on his independent assessment of injuries and damages.
However, we need not determine whether the trial court's judgment was based on a de novo finding or a Coco-type review of the jury's award. Regardless of the analysis employed by the trial court, we find that the court's misinterpretation of Morris results in legal error which may have prejudiced the defendants in this case. If the trial court had not determined that it was obliged to render a $125,000.00 general damages award, its general damages award may have been substantially lower than $125,000.00. Therefore, the trial court's judgment on quantum must be set aside.
Although we find legal error in the trial court's action which invalidates its judgment on quantum, a remand of this matter is not necessary. Since the entire record is before us, it is proper for this court to render a de novo award of general damages. Suhor v. Gusse, 388 So.2d 755 (La. 1980). When an appellate court has all of the pertinent facts that are needed to render judgment, it should render a judgment rather than remand the case for a new trial. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
After considering the extent of plaintiff's injury and disability, we find that a $125,000.00 award is an appropriate award for plaintiff's general damages. See, for example, Seaberry v. Smith, 527 So.2d 1011 (La.App. 5th Cir.), writ granted, 532 So.2d 107 (La.1988) (modified on other grounds and remanded); Riley v. Winn-Dixie Louisiana, Inc., 489 So.2d 931 (La. App. 5th Cir.), writ denied 494 So.2d 329 (La.1986). Accordingly, we render judgment in that amount. All costs of this appeal are to be paid by defendants.
JUDGMENT RENDERED.
*524 LANIER, Judge, concurring in part and dissenting in part.
I agree with the majority opinion in all respects except for the amount of the general damage award. An appropriate de novo general damage award for this type of injury would be $90,000. See, for example, Schackai v. Tenneco Oil Company, 436 So.2d 729 (La.App. 4th Cir.), writ denied, 440 So.2d 759 (La.1983); Hennigan v. Vernon Parish Police Jury, 415 So.2d 584 (La.App. 3rd Cir.1982); Ferguson v. State Farm Fire and Casualty Company, 398 So.2d 72 (La.App. 4th Cir.1981).
NOTES
[1] Other than being named as a defendant in this suit, ABC Insurance Company is not involved in this litigation.
[2] The Coco standard of review authorizes an appellate court to raise an inadequate award made by a trial court to the lowest point (or lower an excessive award to the highest point) which is reasonably within the discretion afforded to the trial court.