681 So.2d 49 (1996)
Paul L. WOOD & Holly H. Wood, Plaintiffs-Appellants,
v.
TOYS "R" US, INC., et al., Defendants-Appellees.
No. 28667-CA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1996.
*50 Cook, Yancy, King & Galloway by Timothy B. Burnham, Shreveport, for Plaintiffs-Appellants.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, Shreveport, for Defendants-Appellees.
Before MARVIN and BROWN, JJ., and PRICE, J. Pro Tem.
BROWN, Judge.
The only issue in this case is the adequacy of the damages awarded to plaintiffs, Paul and Holly Wood. On December 11, 1992, while the Woods were shopping at a Toys "R" Us store in Metairie, Louisiana, a box of football equipment fell on Paul Wood resulting in soft tissue, disc and neck injuries.
Liability was stipulated and the only issue before the jury was quantum. The jury awarded the following to Paul Wood:

Past medical expenses: $ 4,852.80
Future medical expenses: 26,750.00
Past pain and suffering: 25,000.00
Future pain and suffering: 7,500.00
Past lost wages: 3,150.00
Future lost wages: 1,250.00
 __________
Total: $68,502.80

The jury rejected Holly Wood's claim for loss of consortium. Plaintiffs have appealed, contending inadequacy in the award for future pain and suffering and error in the jury's failure to award Mrs. Wood damages for loss of consortium.

*51 Discussion

Much discretion is left to the fact finder's reasonable assessment of damages. La. C.C. Art.1999; Olivier v. LeJeune, 95-0053 (La.02/28/96), 668 So.2d 347. As noted by the First Circuit in Rickerson v. Fireman's Fund Insurance Company, 543 So.2d 519, 523 (La.App. 1st Cir.1989), no two cases are ever the same; therefore, damage awards are not standardized for particular types of injuries. Rather, they are based on the individual facts of each case.
Before an appellate court can disturb an award of damages, the record must clearly reveal that the trier of fact abused its broad discretion in making the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Evans v. Kilbert, 27,101 (La.App.2d Cir. 08/23/95), 660 So.2d 167.
Plaintiffs first urge that the jury's award of $7,500 for future pain and suffering is inadequate. According to plaintiffs, the jury's award of future medical expenses in the amount of $26,750, the estimated cost of neck surgery, is tantamount to a finding that such surgery is or will become necessary and that Wood will in fact undergo the surgical procedure.
This argument fails to recognize that reasonable minds may appreciate evidence very differently. After weighing and evaluating the medical and lay testimony, the jury is free to accept or reject, wholly or in part, any expert's view. Phiratsamy v. Pipes, 27,209 (La.App.2d Cir. 08/23/95), 660 So.2d 172. Likewise, neither is the jury required to accept a plaintiff's perception concerning the degree and magnitude of his injuries. Phiratsamy, supra; Alaywan v. Commercial Union Insurance Co., 625 So.2d 243 (La.App. 2d Cir.1993), writ denied, 93-2658 (La.02/04/94), 633 So.2d 166.
The accident occurred on Friday, December 11, 1992. Wood, who was in New Orleans for a legal seminar, attended the remaining session on Saturday and returned to his home in Shreveport the next day. Wood did not seek medical treatment until January 5, 1993, and saw his treating physician, Dr. J.E. Smith, only seven additional times prior to trial on June 20, 1995. Wood was never hospitalized and both he and Mrs. Wood testified that things were "back to normal" within about six months.
Dr. Smith noted that an x-ray of Wood's neck taken January 5, 1993, revealed degenerative changes that were present prior to the accident. According to Dr. Smith, Wood may or may not require future cervical surgery as a result of the combination of his pre-existing condition and the symptoms precipitated by the accident.
Dr. Austin Gleason's September 7, 1994, medical report was read to the jury in lieu of his testimony. It was Dr. Gleason's opinion that Wood will not be a likely candidate for future surgery. The trial occurred almost 2½ years after the accident and Dr. Smith's initial x-rays. Throughout this time Wood has not sought surgical intervention.
The jury awarded Wood a total of $32,500 for past and future pain and suffering. Our review of this award can be premised only on the individual facts of this case. We cannot say that the jury abused its great discretion.
Plaintiffs next argue that the jury erred in failing to award Mrs. Wood damages for loss of consortium.
The decision of whether to award damages for loss of consortium is left to the discretion of the fact finder. Doe v. Roman Catholic Church for Archdiocese of New Orleans, 615 So.2d 410 (La.App. 4th Cir.1993). An appellate court should not disturb a determination that a plaintiff is not entitled to an award for loss of consortium absent an abuse of the fact finder's discretion. See Andrus v. State Farm Mutual Automobile Insurance Co., 95-0801 (La.03/22/96), 670 So.2d 1206; Evans v. Haynie, 26,135 (La. App.2d Cir. 09/21/94), 643 So.2d 273; Doe, supra.
As noted above, the jury has wide latitude in assessing and awarding damages. Wood continued to attend the legal seminar after the incident and did not seek medical treatment for almost a month. He was able to work following the accident. Both Paul and Holly Wood agreed that things were back to *52 normal by April or May. The jury obviously believed that any real change in the marriage was insignificant. Given the particular facts and circumstances of this case, we do not find that the jury abused its discretion in declining to award Mrs. Wood damages for loss of consortium.

Conclusion
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to plaintiffs-appellants.