1PLOTKIN, Judge.
Plaintiff, Eric Neason, suing on behalf of his minor child, Daron Neason, appeals a trial court judgment dismissing this case against defendants, City of New Orleans and Transit Management of Southeast Louisiana (“TMSEL”), based on a finding that Mr. Neason failed to prove any fault on the part of either defendant. We reverse and render judgment awarding Mr. Neason $20,000 in general damages plus $570 in medical expenses.
Daron Neason suffered injuries as a result of a February 14, 1993, accident between a vehicle in which he was riding as a guest passenger, which was driven by his father, Mr. Neason, and a vehicle driven by defendant, Robert Gostl. Daron was 21 months old at the time of the accident. Mr. Gostl was a New Orleans police officer assigned to the Transit Police Unit pursuant to a contractual agreement between the City and Regional Transit Authority (“RTA”). The accident occurred when the vehicle driven by Officer Gostl, which was owned by RTA, ran a stop sign at the intersection of Mansfield Avenue and Berkley Drive in the Algiers area of the City. Officer Gostl claims the accident was caused by the unexpected failure of the braking system on the RTA vehicle he was driving. Officer Gostl testified at trial that the'vehicle’s braking system had been repaired Lby RTA maintenance employees on both February 12 and February 13, 1993, but that he had been driving the vehicle for approximately an hour prior to the accident on February 14, 1993, without incident. However, Officer Gostl testified that when he stepped on the brakes as he approached the intersection where the accident occurred, the brake pedal went to the floor and the vehicle failed to slow down. Officer Gostl stated that the vehicle was travelling approximately 20 miles per hour at the time, and that he first attempted to brake the vehicle approximately 125 feet prior to the accident.
Mr. Neason initially filed suit against Officer Gostl and TMSEL. TMSEL then filed a third party demand against the City, asserting that Officer Gostl was an employee of the City and that the City had agreed to indemnify TMSEL for his actions under their contractual agreement. Mr. Neason then filed a First Supplemental and Amending Petition against the City. RTA was never named as a defendant in the suit by any party.
Following a trial on the merits, the trial court found no Lability on the part of the City or TMSEL; the judgment does not mention Officer Gostl. However, the proceedings were dismissed in their entirety *33 by the trial court. Although Mr. Neason claims that he requested reasons for judgment, no reasons for judgment are contained in the record on appeal. Mr. Nea-son appeals, asserting that the trial court improperly dismissed his action against the City. He claims that the City should be he held liable for Officer Gostl’s negligence both under respondeat superior, as Officer Gostl’s employer, and under its contractual indemnity agreement with TMSEL. The City did not answer Mr. Neason’s appeal, nor did the City file a brief in response to Mr. Neason’s appeal in this court.
| ¡¡Liability of Officer Gostl
The premise underlying all of Mr. Nea-son’s claims against the City is that Officer Gostl should have been found negligent in causing the accident. Only if Officer Gostl’s negligence caused the accident can the City be held liable under either re-spondeat superior or contractual indemnity. However, the trial court implicitly found that Officer Gostl was not negligent, apparently because he believed Officer Gostl’s claim that the accident was caused by the unexpected failure of the braking system on the RTA vehicle.
Mr. Neason claims that the evidence presented at trial was insufficient to support Officer Gostl’s claim that the braking system on the RTA vehicle failed. In support of his argument, Mr. Neason cites the following language from the Louisiana Supreme Court’s decision in King v. Louviere, 543 So.2d 1327 (La.1989), a case involving an alleged brake failure:
Furthermore, when such a trespassing motorist attempts to exonerate herself by claiming that a latent defect in her own vehicle caused the accident, she incurs another heavy burden. Louisiana courts have recognized a jurisprudential rule that in order for latent defects to constitute a valid defense, the proof must be so strong that it excludes any other reasonable hypothesis with reference to the cause of the accident except that it resulted solely from the alleged defects, and that it must establish that the driver was not aware of the defects and that the defects could not reasonably have been discovered and remedied by a proper inspection.
Id. at 1331 (citations omitted). Mr. Nea-son also argues that the testimony of the defendant claiming braking failure, by itself, is insufficient to carry such a defense. The burden of overcoming the presumption against latent defects normally falls on the defendant who claims that an accident was caused by such a defect. The defendant’s claim must be supported by independent corroboration.
|4We note initially that the record in this case contains more than Officer Gostl’s own testimony that the brakes on the RTA vehicle he was driving failed at the time of the accident. Also testifying at trial on behalf of the defendants in this case was the investigating officer, Phil Barre’ Jr., whose testimony corroborated the testimony of Officer Gostl. Officer Barre’ stated that he was following the RTA vehicle being driven by Officer Gostl at the time of the accident, and that he saw the brake lights illuminated for a considerable period of time prior to the collision. Officer Barre’ estimated that the vehicle continued to move at virtually the same rate of speed for some 125 feet after the brake lights were illuminated and before the collision with Mr. Neason’s vehicle. Moreover, Officer Barre’ testified that he tried the brakes on the vehicle as part of his investigation and that the brake pedal simply dropped to the floor.
Nevertheless, we find that the defendants failed to present sufficient evidence to carry their burden under King of presenting proof “so strong that it excludes any other reasonable hypothesis with ref *34 erence to the cause of the accident except that it resulted solely from the alleged defects.” The only evidence in the record to support the defendants’ contention that the accident was caused by the failure of the brakes on the RTA vehicle was the testimony of the two police officers. Officer Barre’ testified at trial that NOPD officers “investigate more thoroughly” in cases involving fellow NOPD officers involved in a collision. Despite that assertion, Officer Barre’ admitted that he committed at least two “human errors” in his investigation of the accident. First, in response to questioning from the plaintiffs attorney, Officer Barre’ admitted that he failed to document his alleged inspection of the brakes in the narrative portion of his police report, even though “it should have been there.” Second, Officer Barre’ admitted |sthat he failed to request that NOPD perform a formal inspection of the brakes, despite the existence of an internal policy to request such an inspection whenever a motorist claims that an automobile accident was caused by brake failure. The fact that Officer Barre’ admitted that he failed to follow two regular procedures during his investigation of the accident casts suspicion on the defendants’ theory of the case. In the absence of any objective evidence indicating that the brakes were independently mechanically tested following the accident, the defendants have failed to carry their burden to exclude every reasonable hypothesis concerning the cause of the accident other than brake failure. Thus, the record evidence presented does not overcome the presumption against the latent defect defense. Further the record fails to indicate that Officer Gostl applied or attempted to apply his emergency brakes or made any other effort to avoid the collision. It appears that he drove straight for a distance greater than 125 feet into the side of plaintiffs car.
Because the evidence presented by the defendants was insufficient to meet their burden of proof in this case, the trial court was manifestly erroneous in dismissing Mr. Neason’s suit against Officer Gostl’s employer, the City.[1] The trial court’s finding that the City is not liable for Daron’s injuries is hereby reversed. Mr. Neason’s alternative argument that Officer Gostl and his employer should be held strictly liable because Officer Gostl had garde over the RTA vehicle is hereby pretermitted.[2]
| ^Quantum
Because the trial court found that neither the City nor TMSEL was liable for the accident that caused Daron’s injuries in this case, he did not award damages. However, our finding that the City is liable for the accident, and therefore for Daron’s injuries, compels us to consider the record evidence on damages.
As a result of the accident, Daron suffered a number of facial lacerations, that were initially treated at Charity Hospital in New Orleans; Daron received numerous stitches. Three days later, on February 17, 1993, Daron was examined by Mary Mathai, M.D. at Gulf Coast Medical Consultants, who told Daron’s parents to watch him for signs of cranial nerve damage or other problems. Daron was *35 seen by Dr. Mathai one other time, on May 13, 1993. The charges for consultation with Dr. Mathai were $170. Daron was also referred to a plastic surgeon, Gustavo A. Colon, who testified by deposition at trial that Daron has a number of serious facial scars, some of which exhibited thickening and/or pigmentation. Dr. Colon stated that he was unable to say whether Daron would need surgery to remove or improve those scars in the future, but admitted the possibility. The charge for consultation with Dr. Colon was $400.
Mr. Neason testified that Daron, who was eight years old at the time of trial, was sometimes questioned about the facial scars by other children, who teased him. Daron corroborated that testimony, stating that many people asked him about his scars. Moreover, we have reviewed the pictures of Daron contained in the record of this case, which reveal several permanent prominent facial scars caused by the accident with Officer Gostl. Considering all the record evidence, we award Mr. Neason, individually and on behalf of his minor son, Daron, $20,000 in general damages, plus $570 special damages for medical expenses.
17Conclusion
Accordingly, the trial court judgment finding that the City was not liable as Officer Gostl’s employer for the accident causing Daron’s injuries is reversed. Mr. Neason is awarded $20,000 in general damage, plus $570 in medical expenses. The costs of this appeal are to be borne by the City.
REVERSED AND RENDERED.
ARMSTRONG, J., concurs in the result.

. The brief filed by Mr. Neason in this court does not address the trial court's finding that TMSEL, which was neither Officer Gostl's employer nor the owner of the vehicle in question, is not liable for the accident. Accordingly, we assume that Mr. Neason does not contest that finding. Moreover, the record contains no evidence to support a finding of liability on the part of TMSEL.

. However, we note that the court found that an employee does not have garde over an automobile owned by his employer in King v. Louviere, 543 So.2d 1327 (La.1989), indicating that Officer Gostl probably did not have garde over the RTA’s vehicle in this case.