**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30152
Summary Calendar

_____

CATHERINE MAGEE,

Plaintiff-Appellant,

VERSUS

UNIDENTIFIED PARTY AND GREYHOUND LINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-3334-N)

_____

October 6, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Catherine Magee appeals the amount of general damages awarded to her by the district court.  She asserts that the district court abused its discretion by awarding only $5,000.00 for pain and suffering for injuries to her neck and back, and she asks this court to increase the award to the lowest amount within the range of the district court's discretion.  We affirm.

I.

Magee was a passenger on a Greyhound bus in October 1996. When the bus driver applied his brakes to avoid missing a turn, another passenger lost his balance and fell against the plaintiff,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

causing injuries to her head, neck, back, and right arm. Magee initially told the driver that she was not injured, but when the bus made its next scheduled stop, she complained of pain and the bus driver called an ambulance. At the emergency room, Magee underwent several tests and received pain medication before being released.

Upon returning home to New Orleans, she received therapy and heat treatments for neck and back pain for 2 ½ months. When her pain returned, she received pain medication from a clinic. Her last visit to the clinic was in October 1997. In December 1997, Magee saw Dr. Landry, who treated her with pain medication and ordered an MRI of her spine. Dr. Landry diagnosed her as having cervical spondylosis and recommended future treatment. Magee has not returned for treatment.

At trial, Magee presented no evidence to support a special damages award. She introduced no evidence of past medical bills or estimates of future medical bills, nor evidence of any lost wages.

II.

Under Louisiana law, plaintiff has the burden of proving the amount of damages. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081, 1092 (La. 1983). In calculating general damages, the trial court must evaluate each case according to its own unique facts and circumstances. Mouton v. Southern Pacific Transp. Co., 509 So.2d 479, 485 (La. App. 3d Cir. 1987); Rhodes v. State Dept. of Transp. and Development, 684 So.2d 1134, 1144-45 (La. App. 1st Cir. 1996); Wood v. Toys "R" Us, Inc., 681 So.2d 49, 51 (La. App. 2d Cir. 1996). Awards in similar cases constitute only persuasive

2

authority. <u>Mouton</u>, 509 So.2d 479, 485.

In awarding general damages, the district court considered the type of injury, length of treatment, and awards in similar cases. It found that Magee suffered only soft tissue damages and was treated with therapy and heat treatments for 2 ½ months. The district court also questioned Magee's credibility regarding the extent of her pain and suffering because she was unable to remember a series of x-rays taken at Charity Hospital after a car accident several months before the bus accident at issue in this case. According to Charity Hospital records admitted into evidence, the spinal x-ray taken after that car accident found a narrowing of disk space and degenerative changes in the same area later examined by Dr. Landry.

### III.

On appeal, we review a general damages award for clear error. <u>Nichols v. Petroleum Helicopters, Inc.</u>, 17 F.3d 119, 121 (5th Cir. 1994); <u>Wheat v. United States</u>, 860 F.2d 1256, 1259 (5th Cir. 1988). To disturb the award, we must be convinced that an error has been committed; mere disagreement with the district court's analysis of the record is insufficient. <u>Nichols</u>, 17 F.3d 119, 121. Rather, a review of the entire record must leave us "with the definite and firm conviction that a mistake has been committed." <u>Id</u>. (citing <u>Graham v. Milky Way Barge</u>, <u>Inc.</u>, 824 F.2d 376, 388 (5th Cir. 1987); <u>United States v. Gypsum</u>, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948)). "[D]amage awards in analogous cases provide an objective frame of reference, but they do not control our assessment of individual circumstances." <u>Wheat</u>, 860 F.2d 1256, 1260.

3

Based on the findings of the district court and our own careful review of the record, we find no error in the amount of general damages awarded by the district court.  The judgment of the district court is affirmed.

AFFIRMED.