WICKER, J.
concurs with reasons.
hi agree with the general damage award arrived at by the panel on de novo review but write separately to expound upon the basis upon which I reached that conclusion. No two cases are ever exactly the same. Therefore, damage awards are not standardized for particular types of injuries. The awards must be based on the individual facts of each case. The trier of fact, here this court on de novo review, must make an independent assessment of the injuries and damages in this particular case. Rickerson v. Fireman’s Ins. Co., 543 So.2d 519, 523 (La.App. 1 Cir.1989). Nevertheless, in arriving at the correct award, it is prudent and appropriate for the court of appeal to analyze the current case in the context of earlier damage awards which have been approved on appeal. I would undertake that comparative analysis in this case.

Past Pain and Suffering

As discussed in the majority’s opinion, Kaitlyn’s injury occurred when she was nineteen months old. Following her initial injury, Kaitlyn underwent three surgeries to correct the right lateral condyle fracture of her distal right humerus. Dr. Heinrich first performed an open reduction and l2internal fixation wherein he placed a screw, pin, wire, and washer in *424 Kaitlyn’s arm. Once the objects were in place, Dr. Heinrich casted her arm. ■ About one month later Dr. Heinrich performed a second surgery to remove the pin from her arm and re-casted the arm. Approximately three months later, a third surgery was performed to remove the screw and washer. All three surgeries required Kaitlyn to undergo general anesthesia. Kaitlyn also underwent physical therapy for about two months. While, at 19 months of age, Kait-lyn was not necessarily capable of fully articulating her pain and suffering, the evidence indicates that she indeed suffered and that she was more easily able to articulate her pain and suffering as she grew older.
The Second Circuit, in Hammock ex rel. Thompson v. Louisiana State Medical Center in Shreveport, 34,086 (La.App. 2 Cir. 11/01/00), 772 So.2d 306, addressed a similar injury in which a four year old fell and broke her arm. The first doctor to examine her misdiagnosed the injury as a minor break. Id. After the extent of the injury was properly diagnosed, four surgeries were needed to stabilize the bone. Id. at 310. Pins were inserted during the initial surgery and later needed to be removed. Id. The treating physician testified that a future corrective surgery would be required when the child reached 15 or 16 years of age. Id. The trial court awarded $160,000.00 in general damages, which was upheld on appeal. Adjusted for inflation, that amount today would be $219,000.00. Therefore, placing this case in the context of an earlier approved award, I agree that $150,000.00 is a reasonable award for past pain and suffering in this case.

Future Pain and Suffering

Following her three surgeries and physical therapy, Kaitlyn developed two deformities: 1) a bone prominence on the outside of her elbow, 2) and an angular deformity, or a bending of the arm, caused by the bone growing |stoo fast on the outside and too slow in the inside. Kaitlyn also has scarring from her three surgeries. Dr. Heinrich testified that Kaitlyn will have to undergo three or four future surgeries in order to return her arm to its pre-accident state. First, Dr. Heinrich will have to re-break and re-set the bone in Kaitlyn’s arm, remove a wedge of bone, and then stabilize the bone using an external fixator, which will later need to be surgically removed. In order to fix the bone prominence, Dr. Heinrich will have to shave off the prominence using a saw. As to the scarring, Dr. Heinrich will surgically remove the scar and bring the two edges of normal tissue back together.
In Boddie v. State, 27,313 (La.App. 2 Cir. 09/27/95), 661 So.2d 617, the Second Circuit considered a case in which the plaintiff fell over a sewer drain and suffered a broken arm. During surgery to repair the injury, an external fixator was attached to the plaintiffs arm. Id. at 626. There was bleeding at the site, and scarring following the fixator’s removal after eight to nine weeks. Id. Following physical therapy, the plaintiff still suffered from some permanent disability along with nerve damage. Id. The appellate court upheld a general damages award of $95,000.00, which is equal to $147,000.00 in 2015 dollars. Therefore, based upon a review of an earlier future pain and suffering award approved on appellate review, agree that an award of $150,000.00 for future pain and suffering is reasonable in this case.

Disfigurement and Scarring

Kaitlyn currently suffers from both disfigurement and scarring in her arm. Dr. Heinrich testified that three or four surgeries, at least one while Kaitlyn is in her teen years, will be required to eliminate the disfigurement and minimize the scar *425 ring. Dr. Heinrich also testified that while the scar revision surgery will minimize her scarring, she will always have a scar. In Neason v. Transit Management of Southeast Louisiana., 2000-1271 (La.4App. 4th Cir. 4/18/01), 789 So.2d 31, a child who was injured in an automobile accident received $20,000.00 in general damages for facial lacerations which required stitches and left noticeable, permanent scars. Therefore, based upon a review of other cases in which an award for scarring and disfigurement was approved on appeal as reasonable, again, I agree with this particular general damage award approved by the panel.
For the reasons described above, after a thorough analysis of the facts and circumstances of this case, and in the context of awards upheld in similar cases, I agree with the general damages award arrived at by the panel.