329 So.2d 818 (1976)
Peter GONZALES et ux.
v.
The XEROX CORPORATION et al.
No. 10054.
Court of Appeal of Louisiana, First Circuit.
January 20, 1976.
Rehearings Denied April 12, 1976.
*819 Roy Maughan, Baton Rouge, for plaintiffs-appellants.
Charles W. Franklin, Baton Rouge, for defendants-appellees.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
This case was remanded to us by the Louisiana State Supreme Court for a further consideration of the trial record and a decision on the merits.
Our findings of fact in this case are as stated in our opinion at 307 So.2d 153 (La.App. 1st Cir. 1974), save in one minor detail. Our statement that there is a conflict as to exactly what happened when reached the roadside is inaccurate.
Concerning the testimony of the witness Donald Barrios, we agree with the suggestion of counsel for appellant that a careful analysis of his testimony will show that there is no actual conflict with the testimony of the other eyewitness but rather the testimony is only in conflict within itself.
We need not speculate regarding whether the youth of Barrios or his fear at the deposition and later at the trial was a reason for giving two different versions of what happened when he saw the child standing on the roadside before the accident, for we give his testimony little or no weight.
We accept the testimony of John Thibaut, who witnessed the accident from a balcony overlooking the road not more than 150 feet away and who was aware of all that transpired up until the fatal moment when Dawn Rene was killed. Based on his testimony, we believe that she was standing in plain view approximately three feet from the edge of the road and waited for one car proceeding from the opposite direction to pass before she started to cross the road in the path of the vehicle driven by Juan Hernandez. In such an event, she would have been standing on the side of the road long enough for the defendant Hernandez to have seen her and to have become aware that she was a child of tender years. However, neither Hernandez nor his wife saw the child until she was in the road in front of them and too late to stop. Since we find that she was there and that nothing obstructed Hernandez' view, his failure to see the child and to bring his vehicle under control until he passed her, in our opinion, is due to his failure to keep a proper lookout.
The duty of care which a motorist owes to a child who is of such tender years as to be incapable of negligence is a high duty of care because of the great risk of harm involved. The risk involved to a motorist encountering a child standing on *820 the roadside is that the child might suddenly run out into the roadway in front of him. This is so because young children are possessed of but limited judgment and their actions are likely to be sudden and unpredictable. Thus, a motorist should anticipate the risk involved when a young child is standing at the edge of the road, i. e., that the child might suddenly run out into the roadway without looking to see that the way is clear.
It has been held that the high burden of care is not discharged by merely blowing a horn in warning or reducing one's speed below the maximum limit, because a motorist under such circumstances owes a duty to such children to keep his vehicle under such control as to avoid injuring them. Pea v. Smith, 224 So.2d 37 (La.App. 1st Cir. 1969), and the citations therein referred to.
Furthermore, a motorist's duty to look ahead and observe never ceases, and a motorist must see what he can and, in legal contemplation, should see; and his failure to see what he could and should have seen by exercising due diligence makes him liable for injuries to others when he fails in this duty.
We hold that defendant Hernandez breached his duty toward plaintiff's child because he could and should have seen her standing by the side of the road. Having failed to see what he could and should have seen, he then failed to discharge the duty placed upon him by law to keep his automobile under such control as not to injure plaintiff's daughter, whom he might reasonably have expected to dart out in the road in front of him. Gonzales v. Xerox Corporation, cited supra, and the opinion in the same case of the Louisiana Supreme Court on writ of review, 320 So.2d 163.
Defendants argue that plaintiffs were negligent in leaving their four-year-old child on the beach and in the care of their eight-year-old daughter. However, the grandfather of the deceased child, the father of Peter Gonzales, was also on the beach in the vicinity thereof, although he was fishing in the surf. Patricia Gonzales, the child's mother, also testified that she had pre-arranged with her husband that she and the grandmother of the deceased child, the mother of Peter Gonzales, were to go to the beach when Peter Gonzales returned to the camp. There is also evidence that the Gonzales children were playing with other children. In our opinion there was no reason to fear for the safety of Dawn Rene for the short period her father was to be away from her. We, accordingly, find this defense to be without merit.
Lastly, we come to the more difficult question of deciding what the loss of love and affection for Dawn Rene by her parents is worth. It is plainly arbitrary to compute such a loss in dollars and cents, as nothing short of bringing her back to life could really compensate them. While evidence was produced on their bereavement and emotional instability after their child's death, it is our view that the plaintiffs loved their four-and-a-half-year-old child as normal parents and could reasonably be expected to suffer great anguish and grief over her loss.
Therefore, in our discretion we decide that each parent should have judgment in the sum of $25,000 for the loss of love and affection that formerly existed between them and their daughter Dawn Rene. We are aware of all the jurisprudence on the subject, having examined into the matter in Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir. 1973), writs refused, 281 So.2d 757, 758. However, the award here is well within our discretion. Special damages of $1,062.72 were stipulated at trial and will be awarded to plaintiff, Peter Gonzales.
For the above reasons, the judgment of the trial court is reversed and set aside and judgment is rendered herein in favor of the plaintiffs, Peter Gonzales and Patricia *821 Gonzales, in the sum of $25,000 each, against defendants, The Xerox Corporation, Juan G. Hernandez and Employers Insurance of Wausau, in solido. There is further judgment herein in favor of plaintiff, Peter Gonzales, in the sum of $1,062.72 for special damages, against said defendants. All costs are to be borne by defendants-appellees.
It is further ordered, adjudged and decreed that the expert witness fee of Dr. Allen Johnstone be fixed at the sum of $75 and taxed as further costs to said defendants.
Reversed and rendered.