576 So.2d 1191 (1991)
Terrial L. FARQUE, Plaintiff-Appellant,
v.
T.W. McKINNEY and Allstate Insurance Company, Defendants-Appellees.
No. 89-1047.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1991.
Writ Denied May 17, 1991.
Bret L. Barham, Lake Charles, for plaintiff/appellant.
Tynes, Fraser, Roach & Morris, Maurice L. Tynes, Lake Charles, for defendants/appellees.
Before STOKER, YELVERTON and KING, JJ.
*1192 YELVERTON, Judge.
Terrial L. Farque, the plaintiff, appeals the sufficiency of a personal injury award by a jury. His injuries were sustained in an automobile accident in Lake Charles, Louisiana, on October 26, 1987. Allstate Insurance Company, the defendant driver's insurer, admitted liability.
The jury's verdict was:

Medical $11,584.11
Wages 20,000.00
Pain & Suffering $10,000.00
 __________
TOTAL $41,584.11

At the time of the accident Farque had just been released from the care of Dr. William F. Foster, a neurosurgeon, for injuries he had sustained in an earlier accident that happened on August 6, 1986. In the earlier accident Farque had suffered two ruptured lumbar discs that required surgery. He also had experienced some brief neck pain but that was gone before the second accident. At the trial Dr. Foster related these facts from his records.
After the current accident, Farque had an immediate onset of neck pain, which continued despite medication and a neck brace. His family physician recommended that he see Dr. Foster again.
Farque's neck pain continued to worsen and conservative treatment did no good. Dr. Foster finally did an anterior cervical diskectomy under general anesthesia in February 1988, involving two disc levels. He removed fragments from the spinal canal related to a soft disk injury at C-5-6 and removed spurring at C-6-7. Dr. Foster attributed the injury at the C-5-6 level, which he thought was the most serious and painful, to the current accident. The doctor was convinced that the symptoms which necessitated the current neck surgery were caused by the current accident in 1987, and he so testified.
After surgery, Farque's neck pain decreased. He was temporarily released to return to work in October 1988 and fully discharged in December 1988. Dr. Foster found 10% total disability and 20% permanent partial disability to his neck.
Dr. Charles Aprill, a radiologist who testified by deposition as an expert witness for the defense, gave a lengthy and scholarly opinion of several medical possibilities, but concluded that in the final analysis he would defer to the opinion of Dr. Foster.
Another neurosurgeon, Dr. Gerald Litel, stated in a letter report which was put in evidence that when he saw Farque in January 1988 he did not think he needed surgery, but he stated that he would have to see a cervical myelogram before expressing a final opinion.
After the jury returned its verdict, Farque, dissatisfied with the $10,000 general damage award moved for a Judgment Notwithstanding the Verdict. The trial court denied the motion. Farque's appeal raises two issues:
1) Did the trial court abuse its discretion in not granting a JNOV and awarding an appropriate amount for general damages, and
2) Did the fact finder abuse its discretion in granting the plaintiff only $10,000 in general damages?
We will discuss these issues together.
Farque complains that the jury was totally, and irreconcilably, unreasonable in evaluating his general damage claim. He points out that the jury gave him exactly what his medical costs were for the operation and other treatment for his neck following the current accident. Also, he concedes that the operation was a success, that his neck is much better, and that the jury gave him substantially what he lost while unable to work. (He asked for 10 months, the defendant argued six months, and the jury gave him lost wages for eight months.)
His argument is that if the jury found as a fact that all of the medical expenses were attributable to the second accident, and if the jury found that substantially what he claimed he lost in wages was in fact attributable to the second accident, then it necessarily follows that the jury found as a fact that the second accident caused a serious aggravation of his preexisting neck problem. From this he argues that his general *1193 damage award should have correspondingly reflected his pain and suffering as a consequence of this second accident, and that this award was so unreasonably low it should have been corrected by JNOV.
This same argument was made to the trial judge. The trial court, relying on this court's explanation of the standard for determining whether to grant a JNOV found in Campbell v. Mouton, 373 So.2d 237 (La. App. 3d Cir.1979), appeal after remand, 412 So.2d 191 (La.App. 3d Cir.), writ denied, 415 So.2d 954 (La.1982), denied the motion. The trial judge recognized that the judgment was low. However, his recollection (this was a jury trial) of the evidence was that there was substantial evidence on both sides of the causation question. Based on his recollection of the evidence, and looking at the case in the light and with all reasonable inferences most favorable to the defendant, he believed that he could not grant the JNOV.
The trial judge applied the correct law. However, from our vantage point, having the record before us for careful examination, we have discovered that there was no substantial evidence supporting the proposition that this accident was not the cause of the plaintiff's renewed neck pain and the consequent need for surgery.
The trial judge recollected that, before the second accident, the plaintiff was seeing a chiropractor for neck pain at a time when he was telling his doctor that he was not having any pain. The trial judge, properly, was not looking at this evidence as a credibility factor but rather as a substantial evidence factor. Our careful review of the record discloses that Farque might have seen a chiropractor years earlier, but there was no evidence that he saw a chiropractor during any time pertinent to the present injury. The trial judge erred in his evaluation of the evidence on this point and if the jury was similarly disposed, the jury erred also. Our review of the record indicates that plaintiff proved the causation factor. The jury could not have reasonably reached any other decision on the facts.
The trial judge recognized that the general damage award was low. We agree. In fact, based on the severity of the injury, the intensity of the plaintiff's pain, and the disability, we find that the evidence points so strongly and overwhelmingly in favor of a higher general damages award that reasonable men could not reach a different conclusion. The appellant's argument that we should now do what the trial judge did not do, and grant the JNOV, or, in other words, that we should employ the de novo standard in reviewing the amount of the general damages, is an appealing contention.
From the comments of the trial judge, we believe he would have granted a JNOV but for his error in remembering the facts. A JNOV in this case would have been appropriate. Also, we are authorized on appeal to render any judgment which is just, legal, and proper upon the record. La.C.C.P. art. 2164. The entire record is before us. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), on remand, 329 So.2d 818 (La.App. 1st Cir.1976). No party has alternatively asked for a new trial under La.C.C.P. art. 1811. Appellant argues that another circuit has made a de novo determination of the amount of general damages through the vehicle of a JNOV, citing Rickerson v. Fireman's Fund Ins. Co., 543 So.2d 519 (La.App. 1st Cir.1989).
Nevertheless, we do not believe that it is appropriate for us to actually grant a JNOV at the appellate level. Without being able to explain why exactly, we doubt that we have that authority. We are mindful of the distinction between the trial and appellate functions. Virgil v. American Guarantee & Liability Insurance Co., 503 So.2d 45 (La.App. 5th Cir.1987), writ granted and remanded, 507 So.2d 825 (La.1987); amended and affirmed on remand, 512 So.2d 1235 (La.App. 5th Cir.1987); remanded, 514 So.2d 1169 (La.1987); affirmed on remand, 520 So.2d 1259 (La.App. 5th Cir. 1988); writ denied, 522 So.2d 569 (La.1988).
We can distinguish Rickerson, supra. There, the trial judge had actually granted a JNOV, but applied an appellate standard in raising the jury verdict to the lowest amount within the range of its discretion. *1194 The First Circuit simply corrected the trial court's error and applied the proper de novo standard. That is not the situation before us. We have before us for review a jury verdict, not a JNOV.
As we see it, were we now to grant the JNOV at this level, motions for JNOV would become routine in jury trials hereafter, and if denied at the trial level, a new standard of review could and would be argued in every appeal involving discretionary awards. If any such change is made in the law, we believe that our Supreme Court should make it.
Accordingly, we will review the general damages award under the standard of review of Coco v. Winston, 341 So.2d 332 (La.1976), and Reck v. Stevens, 373 So.2d 498 (La.1979).
The plaintiff underwent a serious cervical procedure involving disks at two levels. The plaintiff suffered from late August when the accident happened until the following February when the surgery took place. He underwent a myelogram and other diagnostic tests. According to Dr. Foster, prior to the surgery Farque experienced significant pain caused by nerve root irritation. Describing the pain, Dr. Foster said "It's not the type of pain that you can put up with indefinitely, I assure you." His pain was caused by the presence of a disk fragment next to the nerve root. Thereafter for several months he was disabled and in discomfort. He has a 20% permanent disability of the neck.
Appellant asks that we increase the general damage award to $125,000, arguing that that amount was awarded for similar cervical injuries in Rickerson, supra, and that we affirmed $150,000 for a 15% impairment of the cervical spine in Aucoin v. Hartford Accident & Indemnity Co., 499 So.2d 1042 (La.App. 3d Cir.1986). We are mindful, however, of the familiar rule that each personal injury case must be evaluated according to its own peculiar circumstances. Ammons v. St. Paul Fire & Marine Insurance Co., 525 So.2d 60 (La.App. 3d Cir.), writ denied, 525 So.2d 1045 (La. 1988). We conclude that the lowest award that the jury could have reasonably made in this case is $60,000.
For these reasons, the judgment of the trial court is amended to increase the general damage award from $10,000 to $60,000. Allstate Insurance Company will pay the costs of this appeal.
AMENDED AND AFFIRMED.