600 So.2d 859 (1992)
Merlin C. GUILBEAU, Plaintiff-Appellee,
v.
ST. LANDRY PARISH POLICE JURY, et al., Defendant-Appellant.
No. 90-1352.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
Rehearing Denied July 13, 1992.
*860 George S. Bourgeois, Opelousas, for plaintiff/appellee.
Robert E. Fruge, Sunset, for plaintiff/appellant.
Donald J. Richard, Opelousas, for defendant/appellant.
Before DOUCET and LABORDE, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a tort action. The plaintiff, Merlin Guilbeau, sues defendant, St. Landry Parish Police Jury alleging the vehicle he was driving struck several "potholes" in a parish road causing him to lose control. The vehicle turned over into a ditch. Merlin suffered a fractured cervical vertebra. Merlin's wife, Irita, seeks damages for loss of consortium.
The trial court awarded plaintiff, Merlin Guilbeau, $150,000.00 in general damages, $15,173.51 in medical damages and $4,500.00 in property damage. Irita Guilbeau received $10,000.00 for loss of consortium.
The police jury appeals contending:
1. The trial court erred in finding the St. Landry Parish Police Jury liable for the accident.
2. The trial court erred in assessing the St. Landry Parish Police Jury one hundred percent of the fault for the accident.
In his brief, counsel for plaintiffs argues the $10,000.00 award to Irita is inadequate, but we find plaintiff did not appeal or answer the appeal. Thus, the judgment cannot be modified in plaintiffs' favor.

GENERAL FACTS
On September 16, 1987, between 7:00 and 7:30 p.m., Merlin Guilbeau left the house of his cousin to return home. He used a route he had never used before. Soon after entering St. Landry Parish Road No. 6-285-1 plaintiffs' automobile struck several potholes, causing him to lose control of his automobile which turned over into a ditch.
Plaintiff suffered injuries to his neck in the accident. His condition worsened, and surgery was performed to fuse plaintiff's cervical vertebrae. This has prevented plaintiff from turning his head. The neck injury affected plaintiff's sexual relationship with his wife, Irita Guilbeau, who sought damages for loss of consortium.
*861 The trial court noted that the road where the accident occurred was a parish road under the control of the St. Landry Parish Police Jury. The court also found that the poor condition of the road was known by the police jury, which failed to take reasonable steps to correct the problems. The trial court then used a duty-risk analysis to find that the potholes were a cause in fact of the accident, that the police jury had a duty to protect the plaintiff, and that this duty was breached by the police jury.

THE POLICE JURY'S LIABILITY
The police jury contends it is absolved from liability under La.R.S. 9:2800 which provides in pertinent part:
"B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so." (emphasis added)
The jury admits it had actual and constructive notice of the potholes. However, it contends it had no "reasonable opportunity to remedy the defect" because it had insufficient funds to do so.
The record shows the police jury was without sufficient funds to completely repair all of the potholes in the parish roads. However, this was not the only alternative available. In response to the bad road conditions the police jury adopted a parish speed limit ordinance, limiting road speed to twenty miles per hour, which was published on March 19, 1987, six months before plaintiff's accident. Plaintiff claims the police jury could have done more, but chose not to. The trial court agreed. In his reasons for judgment the trial judge stated the evidence "established that after mandated parish expenses were paid, the police jury probably had enough remaining money to post additional signs reflecting the reduced speed limit and cautioning the motoring public to be on its guard for the severe potholes."
The police jury contends this factual finding is not supported by the evidence. It points to the testimony of the parish engineer that it would cost in excess of $50,000,000.00 to repair the more than 1,000 miles of parish roads and the annual budget provides only $100,000.00 for this purpose. Also, to testimony that there were over 100 severely damaged areas, similar to the one in this case, where coulees flooded the roads and there were no funds to put signs at these areas.
Testimony at trial indicated there were approximately one hundred portions of road in the parish with conditions as poor as the area of road where the accident occurred. These areas could have been signed. Each sign would have cost about $30.00. Thus, it would have cost the police jury approximately $6,000.00 to place signs on each end of the 100 portions of severely damaged roads to caution motorists of the danger. Other less costly alternatives to a complete repair of the roads included placing barricades in front of the worst sections, or breaking up the asphalt and grading it to fill and smooth the potholes.
The trial court concluded the police jury could have done more but did not, and accordingly had both knowledge of and a reasonable opportunity to remedy the defect and failed to do so. After reviewing the record we do not find the trial court to be clearly wrong in this conclusion.
After rejecting the police jury's argument, discussed above, that it had no reasonable opportunity to remedy the defect the trial court used a duty-risk analysis to decide the case. The trial court made three principal inquiries:
(1) Was the conduct of defendant a cause in fact of the damages that are claimed by plaintiff.
(2) Was there a duty to protect the plaintiff from the type of harm arising in the manner of this case.
*862 (3) If the answer to (2) above is in the affirmative, was that duty breached by defendant.
The police jury argues the trial court's analysis of the cause in fact question was defective. The jury relies on Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985). Watson is applicable here, but as relates to the degree of fault, not whether particular conduct is a cause in fact of an accident. Conduct is a cause in fact of an injury if it is a substantial factor in bringing about the injury. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (La.1962). It has also been stated that defendant's conduct is a cause in fact of harm to another if but for its conduct the accident would not have occurred. Guillot v. Sandoz, 497 So.2d 753 (La.App. 3 Cir. 1986); writ denied 501 So.2d 217 (La.1986). The trial court found the potholes were a cause in fact of the accident and injury suffered by plaintiff. We find no error in this conclusion. Clearly the condition of the road was a substantial factor in the accident, without which the accident would not have occurred.
In its second inquiry the trial court found the police jury owed a duty to plaintiff to protect him against the harm he encountered. In Mansour v. State Farm Automobile Insurance Co., 510 So.2d 1305 (La.App. 3 Cir.1987), this court found a public body has a duty to construct and maintain roads in its custody in a condition reasonably safe for persons exercising ordinary care and reasonable prudence. This duty may also extend to imprudent and inattentive drivers. See Molbert v. Toepfer, 550 So.2d 183, 186 (La.1989). Thus a duty did exist in this case.
The trial court next considered whether the police jury had breached its duty to the plaintiff. The potholes in the area of the accident were severe, some as much as eighteen inches deep. Thus the possibility of an automobile accident occurring was great. As a result, the police jury did not meet its duty of maintaining its roads in a reasonably safe condition. The police jury argued that it could not repair the roads because of its financial problems. However, their importance to the community mandated they not be closed. The trial court took this into consideration, but as discussed earlier, it was felt there were other alternatives besides complete repair of all roads in the parish. Since more could have been done but wasn't, the trial court found the police jury had breached its duty. We do not find the trial court's conclusion here manifestly erroneous.
For the above reasons, the trial court's finding that the St. Landry Parish Police Jury was at fault for the accident is affirmed.

PLAINTIFF'S FAULT
In its second assignment of error, the police jury claims the trial court erred in assessing to it one hundred percent of the fault for the accident. The trial court stated in its written reasons for judgment, "Under the guidance of Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985), this court assesses the police jury with 100% of the fault." Although the trial judge lists plaintiff's fault as an issue, he does not discuss this in his reasons for judgment. The police jury contends plaintiff was at least fifty percent at fault in that he was traveling at an excessive rate of speed for the road conditions, failing to keep a proper lookout, and failing to obey the parish ordinance which fixed the speed limit at twenty miles per hour on all parish roads.
Although plaintiff testified the accident occurred after dark about 9:30 p.m., and that his headlights were on, the trial judge found as a fact that plaintiff arrived at his cousin's house at about 5:00 p.m. and left between 7:00 p.m. and 7:30 p.m. Plaintiff did not retrace the route he had used to reach his cousin's home, but instead continued up the same road using an alternative route. Daylight Savings Time was still in effect on the date of the accident, September 16, 1987. Plaintiff's cousin testified it was "just around dusk" when plaintiff left his home. Since the accident occurred only one mile from the cousin's home, it still *863 would not have been dark when plaintiff came to the potholes. If plaintiff had been keeping a proper lookout and using reasonable care he would have seen the potholes, and could have avoided them or at least hit them at a lesser rate of speed.
Plaintiff was a resident of St. Landry Parish and should have known of the general disrepair of the roads throughout the parish. The pictures of the potholes plaintiff struck show large, deep potholes all over the road for a distance of at least fifty yards. Any reasonably prudent driver should have seen those potholes in time to slow down. Plaintiff and his cousin testified the portion of the road before the potholes was smooth, however this testimony is contradicted by the fact that two months after the accident approximately $55,000.00 in repairs were made on a 1.6 mile portion of roadway preceding the location of the accident. Plaintiff testified he was driving 35 to 40 miles per hour and did not see the potholes until he hit the first one. We conclude that at this speed during daylight, plaintiff should have seen this large area of very dangerous potholes. Thus, plaintiff was at fault for failure to keep a proper lookout.
Plaintiff was also at fault for exceeding the speed limit of twenty miles per hour on all parish roads fixed by the police jury by ordinance on March 9, 1987. LSA-R.S. 32:42 authorize local parish authorities to fix such speed limits without the necessity of placing signs. Plaintiff admitted he was going at least thirty-five miles per hour, and his violation of the speed limit was a cause of the accident.
Considering the evidence, and the factors set out in Watson, supra, it is our opinion plaintiff, Merlin Guilbeau, and the St. Landry Parish Police Jury are equally to blame for this accident. Therefore it was manifest error for the trial court to assign zero fault to plaintiff.
In light of the above, we apportion fault at fifty percent to Guilbeau and fifty percent to the St. Landry Parish Police Jury. Accordingly, the police jury is entitled to a fifty percent reduction from the total amount of damages awarded by the trial court.

CONCLUSION
For the reasons assigned, the judgment appealed is amended to find the plaintiff and the defendant at fault, to apportion fault at fifty percent to each, and accordingly to reduce the awards to the two plaintiff's by fifty percent. Otherwise, the judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.