631 So.2d 599 (1994)
Richard G. STEWART, et al., Plaintiffs/Appellants,
v.
SELECT INSURANCE COMPANY, Dewitt Oil Company and Rabon B. Cryer, Defendants/Appellees.
No. 93-666.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
George Arthur Flournoy, Alexandria, for Richard Stewart et ux.
Edward E. Rundell, Alexandria, for Select Ins. Co., et al.
Before GUIDRY and YELVERTON, JJ., BERTRAND,[*] J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
The sole issue presented by this appeal is whether a jury award of general damages is unreasonably low. For the following reasons, we find no error and affirm.
Richard Stewart was injured when his automobile was rear ended by an 18 wheeler while he was stopped for a red light. Stewart and his wife filed suit against the truck driver, Rabon Cryer, the driver's employer, DeWitt Oil Company, and their automobile liability insurer, Select Insurance Company. After the trial judge directed a verdict in favor of Mr. Stewart on the question of liability, the jury returned a verdict itemizing damages as follows:[1]

Physical pain and suffering, to
include past and future $ 75,000.00
Mental pain and suffering, to
include past and future 2,250.00
Disability and loss of enjoyment
of life, to include past
and future 5,000.00
Medical expenses, to include
past and future 29,905.97
Loss of earnings and fringe
benefits, to include past and
future 398,848.00
 ____________
Total $511,003.97

*600 On appeal, Stewart argues that the jury abused its discretion in awarding only a total of $82,250 in general damages.

FACTS AND MEDICAL HISTORY
The record before us reveals much conflicting testimony on such factual questions as how the accident happened and the extent of the plaintiff's subsequent disability. For example, Rabon Cryer, the driver of the truck, testified that he came to a complete stop behind Stewart's vehicle, eased forward when the light turned green, and hit Stewart's car at two to three miles per hour. Stewart, however, contended that the truck hit his vehicle with enough force to push it forward several feet. Although the facts of the accident were in dispute, the injury sustained by the plaintiff was not. Two weeks after the accident an MRI revealed a herniated disk at L5-S1 and a bulging disk at L4-L5. Stewart was treated conservatively for approximately eight months by his family physician, Dr. Garland Miller, and by an orthopedic surgeon, Dr. Baer Rambach. When plaintiff's condition did not progress as hoped, Dr. Rambach performed a hemilaminectomy at two levels in October of 1990.
Drs. Miller and Rambach continued to treat Stewart postoperatively through July 1991 and September 1991 respectively. Dr. Rambach testified that, at maximum medical improvement, Stewart would have a 30% disability of the body as a whole and could not return to his previous work as a manual laborer. Stewart also complained of depression to Dr. Miller and was given a prescription for Prozac and Valium. Stewart did not seek psychiatric treatment or counseling and did not return to either doctor between September of 1991 and the date of trial, on June 30, 1992.
The primary factual dispute concerned the extent of Stewart's permanent disability. Dr. Rambach placed significant restrictions on the plaintiff's physical abilities and opined that plaintiff would only be capable of light duty work in the future. Richard Galloway, a vocational rehabilitation expert who testified for the plaintiff, testified that Stewart was a functional illiterate with a low IQ. Galloway testified that Stewart would be a poor candidate for any work activity, given his educational and physical limitations.
Dr. James McDaniel examined the plaintiff at the defendants' request and disagreed with Dr. Rambach's assessment of his physical abilities. Dr. McDaniel testified that Stewart exhibited 70% range of motion and was capable of performing moderately heavy work. Craig Feldbaum, the defense's vocational rehabilitation expert, testified that there were more jobs available for the plaintiff under Dr. McDaniel's restrictions than under those of Dr. Rambach. However, even if Dr. Rambach's more limited evaluation was correct, Feldbaum believed that the plaintiff could still be employed in a light duty capacity earning minimum wage.
The plaintiff testified how the accident and resulting injuries have affected his life. Because he was unable to work after the accident, he was forced to deplete his savings of $8,000 and he has difficulty accepting that he is unable to support his family. He and his wife abandoned their plans to adopt a child, partly because of their financial situation and because Stewart would not be able to actively participate in raising a child. He can no longer raise hogs, play with his dog, or hunt. His wife testified that he had even considered suicide and was treated with strong anti-depressant medications.

ANALYSIS
The plaintiff argues that the awards for each element of general damages are inadequate. It is true that mental pain and suffering and loss of enjoyment of life are separate and independent from physical pain and suffering. Harris v. Pineset, 499 So.2d 499 (La.App. 2d Cir.1986); Andrews v. Mosely *601 Well Service, Inc., 514 So.2d 491 (La.App. 3d Cir., writ denied, 515 So.2d 807 (La.1987). However, when reviewing an award of general damages for an abuse of discretion we must also focus on the total award. See Andrews, supra, at p. 499. Although a discussion of the evidence supporting each element of recovery may be helpful in our analysis, we believe that the proper question is whether the total award for general damages constitutes an abuse of discretion.
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury. La.C.C. art. 2324.1. Recently, in Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), our Supreme Court characterized the trier of fact's discretion as "`great' and even vast." Reiterating the principle that an appellate court should rarely disturb an award of general damages, the Supreme Court stated:
Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
623 So.2d at 1261.
Consideration of other cases is relevant, but only to determine whether a contested award is greatly disproportionate to the mass of past awards for truly similar injuries and losses. Hence, an appellate court must look initially to the circumstances of each case before resorting to prior awards for guidance. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
In the instant case, the plaintiff indisputably suffered great physical pain. However, the jury was also presented with conflicting testimony as to the degree of his mental anguish and permanent physical impairment. For example, the plaintiff's wife testified that her husband was at times suicidal. Yet, he never sought professional counseling or psychiatric treatment. The jury also heard testimony that the plaintiff would be able to reenter the work force and that his physical limitations were not as great as those imposed by the treating physician. Whether additional jobs would be available to the plaintiff would depend, in part, on his social and educational skills. The jury certainly was in the best position to evaluate this aspect of the plaintiff's claim.
Although the jury awarded the plaintiff substantial compensation for his physical pain and suffering, the awards for those elements of damages which involved contested issues, namely, mental suffering and disability, were much lower. We view this as a credibility determination that is within the province of the trier of fact. Further, the total award is not greatly disproportionate to other cases involving back injuries which necessitate surgery. See, for example, Thomas v. Petrolane Gas Service Ltd., 588 So.2d 711 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1201 (La.1992). The award may be lower than those cases cited by the plaintiff and may not have been what this court would have awarded. However, under the applicable standards of appellate review, the total award does not constitute an abuse of discretion.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Richard Stewart.
AFFIRMED.
YELVERTON, J., dissents and assigns reasons.
YELVERTON, Judge, dissenting.
The general award is so low that it is an abuse of discretion. This is so whether we focus on the total general award, or on its items individually. The jury recognized the extent of the injury in its award of special damages. Given the proof of great pain and future disability, the general damage award was way out of line. For example, the mental pain and suffering award of only $2,250 is totally unrealistic. For this item alone, this *602 plaintiff in the circumstances of this case is entitled to far more.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Mrs. Stewart's loss of consortium claim was tried separately by the trial judge, who awarded her $14,000. This award is not at issue in this appeal.