657 So.2d 1047 (1995)
Allen & Susan SEGURA, Plaintiffs-Appellants,
v.
STATE FARM INSURANCE CO., Liberty Lloyd's Insurance Co., & Mary Jane Jacquet, Defendants-Appellees.
No. 94-1428.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1995.
*1048 Steven B. Badeaux, Metairie, for Allen & Susan Segura.
Matthew Joseph Hill Jr., Lafayette, for State Farm Ins. Co., et al.
Before COOKS, WOODARD and PETERS, JJ.
WOODARD, Judge.
This appeal arises from an action for injuries sustained in an automobile accident.

FACTS
Plaintiff, Allen Segura, was injured on November 19, 1990 during the course and scope of his employment with Hadco Services, Inc. when the truck in which he was a passenger was struck from the rear by a vehicle driven by defendant, Mary Jane Jacquet. Hadco owned and operated the truck in which Mr. Segura was riding.
Mr. Segura and his wife subsequently instituted the present personal injury action against Ms. Jacquet, her insurer, and State Farm Insurance Co., Hadco's underinsured motorist carrier. Upon the insolvency of Ms. Jacquet's insurer, the Seguras dismissed all defendants except State Farm. State Farm stipulated to liability at trial on February 8-9, 1994, and the jury rendered a verdict in favor of Mr. Segura in the following amounts:

Medical Expenses, Past & Future $ 32,837.17
Pain & Suffering, Past & Future 45,000.00
Loss of Wages, Past & Future 36,000.00
TOTAL: $ 113,837.17

The jury made no award to Ms. Segura for loss of consortium. The trial court denied the Seguras' subsequent Rule for Additur and Alternatively for a New Trial, and the Seguras now appeal.

*1049 LAW

I. PAIN AND SUFFERING
Mr. Segura asserts initially that the jury failed to award him adequate damages for his pain and suffering. Our review of damage awards by the trier of fact is narrow, and we will not disturb an award unless the trier of fact has abused its discretion, which is particularly "great" and "vast" regarding the determination of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993). A choice by the trier of fact between two permissible interpretations of the evidence cannot constitute abuse of discretion. Stobart v. State, 617 So.2d 880 (La. 1993). Accordingly, we will increase the quantum of damages awarded to Mr. Segura in the case sub judice only if the award is below that which a reasonable trier of fact could assess under the particular circumstances of the case. Youn, supra.
Immediately after the accident, Mr. Segura began to complain of pain in his neck, shoulder, and lower back, radiating into his right arm. A myelogram and CT scan established arthritic changes in his neck at the C4-5 and C6-7 levels. Additionally, physical examination revealed a bilateral spasm at the C4-5 level, and a discogram indicated the existence of pressure on the nerves of Mr. Segura's neck at the same location. On the basis of this evidence, Dr. J. Robert Rivet, a neurosurgeon, determined that the C4-5 disc had degenerated and that surgery was necessary to alleviate the problem. Upon obtaining a second opinion to the same effect from neurologist, Dr. Steven Snatic, Dr. Rivet performed a cervical discectomy and fusion of the C4-5 disc on July 31, 1991. He testified that the 1990 automobile accident was the most likely cause of Mr. Segura's injury, despite testimony that he was also involved in accidents in 1988 and 1991.
Following the surgery, Mr. Segura obtained significant relief from his neck and arm pain, but he continued to experience discomfort. Dr. Robert Franklin, a rehabilitation specialist, later noted that Mr. Segura suffered neck and back pain without radiating symptoms, and prescribed medicine, a TENS unit, and home therapy. Mr. Segura returned to Dr. Rivet on August 27, 1993 with complaints of burning pain in his neck and back, as well as pain in his left arm. Dr. Rivet detected a muscle spasm in Mr. Segura's back and noted arthritic changes, upon review of a myelogram and CT scan, but determined that further surgery was not warranted.
As a result of his pain, Mr. Segura became depressed and anxious. He sought the services of Dr. Glenn Ally, a clinical psychologist, who diagnosed him as suffering from mild depression and mild to moderate anxiety. Mr. Segura also suffers from sleep disturbance and diminished sexual desire. He spends a significant amount of time soaking in the bathtub or lying down under a heating pad in order to alleviate the pain in his neck, which is intensified by cold weather.
Dr. James McDaniel, who examined Mr. Segura for State Farm, testified that Mr. Segura's complaints prior to the fusion surgery were inconsistent with the objective evidence. Dr. McDaniel believed that the mild degenerative changes he detected did not warrant fusion surgery. However, he admitted that his philosophy of medicine sometimes differed from that of other physicians, so that another doctor might properly find that surgery was warranted even though Dr. McDaniel might choose to pursue other types of treatment. He also stated that Mr. Segura exhibited no objective symptoms after the surgery that would account for his complaints of pain. He assigned Mr. Segura a 5% anatomical incapacity as a result of the fusion but cautioned that this impairment would not necessarily translate into functional disability.
The jury awarded Mr. Segura damages for pain and suffering and for all of his medical expenses, including the cervical fusion and psychiatric care. Thus, the jury determined that Mr. Segura in fact suffered these injuries and that they were caused by the 1990 accident, rather than by the 1988 or 1991 accidents. The conflicting medical evidence as to causation provided a rational basis for the jury to find for Mr. Segura, and therefore the jury did not abuse its discretion in choosing to believe Mr. Segura rather than State Farm. Stobart, 617 So.2d 880.
*1050 Given the circumstances of the case sub judice, however, most notably Mr. Segura's cervical discectomy and fusion, psychological difficulties, and continuing pain, we conclude that the jury abused its discretion in awarding Mr. Segura only $45,000 for his general damages. Although each award of damages must be based on the facts of the particular case, prior awards under similar circumstances serve as a general guide in determining whether the jury has abused its discretion. Id.; Babin v. Burnside Terminal, Greater Baton Rouge Port Com'n, 577 So.2d 90 (La.App. 1 Cir.1990). Upon reviewing cases involving similar injuries, we conclude that $60,000 was the award that was within the jury's discretion. See Guilbeau v. St. Landry Parish Police Jury, 600 So.2d 859 (La.App. 3 Cir.), writ denied, 606 So.2d 544 (La.1992); Farque v. McKinney, 576 So.2d 1191 (La.App. 3 Cir.), writ denied, 580 So.2d 387 (La.1991); Rickerson v. Fireman's Fund Ins. Co., 543 So.2d 519 (La.App. 1 Cir.1989); Soudelier v. Miller, 537 So.2d 296 (La.App. 1 Cir.1988).

II. JURY INSTRUCTIONS
Mr. Segura argues next that this court should order a new trial because the trial court failed to grant his timely request to instruct the jury that the general damages for which they might hold State Farm responsible could include loss of enjoyment of life, mental anguish, anxiety, and loss of ability to perform normal physical functions, as well as mental and physical pain and suffering.
A trial court should give all requested instructions that are material and relevant to the litigation. Lincecum v. Missouri Pacific R. Co., 452 So.2d 1182 (La.App. 1 Cir.), writ denied, 458 So.2d 476 (La.1984). Failure to instruct the jury regarding an essential legal principal may constitute reversible error, Evangeline Farmers Co-op. v. Fontenot, 565 So.2d 1040 (La.App. 3 Cir. 1990), but courts are not obligated to give the specific jury instructions submitted by the parties, Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3 Cir.1991). A court has fulfilled its duty if its instructions fairly and reasonably point out the issues presented by the pleadings and evidence, and provide the principles of law necessary to resolve those issues. Crooks v. National Union Fire Ins. Co., 620 So.2d 421 (La.App. 3 Cir.), writs denied, 629 So.2d 391, 392 (La.1993).
Moreover, even if a trial court errs by refusing to give a requested instruction, an appellate court should overturn a jury verdict on this ground only when it is clear that the instructions, taken as a whole, are so incorrect or inadequate as to preclude the jury from reaching a verdict based on the relevant law and facts. Laborde v. Velsicol Chem. Corp., 474 So.2d 1320 (La.App. 3 Cir. 1985), writ denied, 480 So.2d 738 (La.1986). An appellate court must exercise great restraint before overturning a jury verdict on the basis of erroneous instructions. Creel v. S.A. Tarver & Son Tractor Co., 537 So.2d 752 (La.App. 3 Cir.1988).
Damages may be awarded for mental suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and any other loss of life or lifestyle. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). Therefore, Mr. Segura's requested instructions state the law accurately. Such instructions are material and relevant to the case sub judice because they could reasonably assist in the determination of the proper quantum of Mr. Segura's award.
However, refusal to give a requested special charge is not error when the charge, in effect, is included within the general charges. Cannatella v. Camp, Dresser, & McKee, 574 So.2d 407, 412 (La.App. 5 Cir.), writ denied, 575 So.2d 824 (La.1991). The adequacy of the jury instructions that were given must be determined in light of the instructions as a whole. Warren v. Bergeron, 599 So.2d 369 (La.App. 3 Cir.), writ denied, 604 So.2d 995 (La.1992).
The trial court in the case sub judice instructed the jury to determine the amount of damages necessary to compensate the Seguras for all "damages they have already suffered and that they will in all likelihood suffer in the future" that were attributable to the accident, including "pain and suffering, both physical and mental, past and future." *1051 Thus, the jury charges, as a whole, adequately conveyed the relevant legal principle that State Farm must fully compensate Mr. Segura for all harm inflicted upon him regardless of the title under which the damages are awarded. The jury was entirely capable of determining for itself the manner in which the Seguras suffered "damages" without the trial court providing a checklist of the myriad of ways in which a person can suffer injury. The court, therefore, did not err in failing to give the requested instruction.
The instructions, if given, could not reasonably have caused the jury to reach a significantly different determination, because the instructions sought were nothing more than an itemization of the potential subcategories of "damages," which the jury had already been instructed they were free to award. The court's refusal did not prevent the jury from reaching a verdict based on the law and evidence, and any potential error was therefore harmless.

III. LOSS OF CONSORTIUM
Finally, Ms. Segura asserts as error the jury's failure to award her damages for loss of consortium. Loss of consortium includes loss of services, love, companionship, affection, society, sexual relations, and solace. Jaffarzad, 561 So.2d 144. We will alter an award for loss of consortium only if the jury has abused its discretion, in which case we will award the lowest amount that the jury could reasonably have awarded. Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La. App. 3 Cir.), writ denied, 565 So.2d 450 (La.1990).
Mr. Segura no longer plays with his children because of his constant pain, and the couple engages in intimate relations far less frequently than before he was injured, because he finds it difficult to "get in the mood." He is irritable and easily angered, and he becomes verbally abusive upon little provocation. The couple's 16-year marriage was happy before the accident, but they physically separated as a result of Mr. Segura's problems, and Ms. Segura initiated the process of obtaining a divorce before he promised to stop venting his frustration on his family. However, he has been only partially successful in doing so, and his anxiety and stress continue to render life difficult in the Segura home, despite his best efforts to "keep it in." The family's only means of coping with these problems has been to avoid him entirely, and Mr. Segura and his wife are currently consulting a marriage counselor to work out their difficulties. It is clear that Mr. Segura's injury and suffering have placed great strain on the marriage, as would be expected, and this harm is magnified by the fact that Ms. Segura suffers from a debilitating work injury of her own, thoracic outlet syndrome. Ms. Segura has therefore established that she enjoyed benefits from her marriage that she has lost as a result of the accident. This conclusion is not altered by Ms. Segura's apparent admission that she lied to the 16th Judicial District Court while attempting to procure the separation, in order to obtain free legal services, by indicating falsely that Mr. Segura had beaten her.
The jury could not have reasonably believed that Mr. Segura's cervical fusion was proper and caused him significant pain without recognizing that his wife would also be affected by his heightened irritability and impaired sexual and emotional capacity, during his recovery and afterward. Certainly, at the very least, during this period, his physical availability to her was either non-existent or greatly diminished. The jury therefore abused its discretion in failing to award Ms. Segura any damages for loss of consortium. Upon reviewing similar cases, we conclude that $15,000 was the lowest award within the jury's discretion. See generally Stewart v. Select Ins. Co., 631 So.2d 599 (La.App. 3 Cir.), writ denied, 637 So.2d 159 (La.1994); Lauriano v. Schwegmann Giant Super Market, 629 So.2d 1341 (La.App. 4 Cir.1993), writ denied, 634 So.2d 394 (La. 1994); Scamardo v. New Orleans Stevedoring Co., 595 So.2d 1242 (La.App. 4 Cir.1992); Turner v. Krauss, 543 So.2d 563 (La.App. 4 Cir.1989).

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court regarding appellant, Allen Segura, as amended to reflect an increase in the award for pain and suffering *1052 to $60,000. We reverse the judgment of the trial court as to appellant, Susan Segura, and render judgment awarding her the sum of $15,000 with legal interest from the date of judicial demand until paid. In all other respects we affirm the judgment of the trial court. Costs of this appeal are assessed against appellee.
AFFIRMED AS AMENDED IN PART; REVERSED AND RENDERED IN PART.