# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 04-1113


**MARGARET & JOSEPH R. NOEL**

**VERSUS**

**WAL-MART STORES, INC., ET AL**


\*\*\*\*\*\*\*\*\*\*\*\*


**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 02-64851,
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE**


\*\*\*\*\*\*\*\*\*\*\*\*


**JAMES T. GENOVESE
JUDGE**


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Chief Judge Ulysses Gene Thibodeaux, Billy H. Ezell and James T. Genovese, Judges.


**AFFIRMED AS AMENDED.**


**David J. Norman, III
Allen & Norman, LLC
303 Verret Street
Houma, Louisiana 70361
COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Margaret Noel**
    **Joseph R. Noel**

**John G. Swift
Brent N. Carriere
Swift & Rhoades, L.L.P.
Post Office Box 53107
Lafayette, Louisiana 70505
COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Wal-Mart Stores, Inc.**
    **Joey Morvant**

**Rickey W. Miniex**
**Simien & Miniex**
**Post Office Box 81918**
**Lafayette, Louisiana 70598**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Simien & Miniex**

GENOVESE, Judge.

Plaintiff, Margaret Noel, appeals the jury verdict awarding her damages from Defendant, Wal-Mart Stores, Inc., alleging inadequate jury award and failure of the jury to award future medical expenses and loss of future earning capacity. We affirm and amend only to increase the general damage award.

## FACTS

On February 9, 2001, Margaret Noel and her husband, Joseph Noel, were shopping at the Wal-Mart store in Breaux Bridge, St. Martin Parish, Louisiana. While Mr. and Mrs. Noel were walking down the aisle in the paper products section, Mrs. Noel was struck on the head by a box of toilet tissue "flung" from a top shelf by a Wal-Mart employee, Joey Morvant, while restocking the shelves. The Noels brought suit against Wal-Mart Stores, Inc. and Joey Morvant for damages. Mrs. Noel sought damages for her personal injuries and Mr. Noel sought consortium damages.

Prior to the jury trial, the parties stipulated that Defendant, Wal-Mart, was 100% liable for the incident, and Plaintiff, Joseph Noel, dismissed his loss of consortium claim.

The matter proceeded to trial with the jury awarding damages as follows:

| | |
|---|---|
| Past medical expenses | $62,668.78 |
| Future medical expenses | $ 0.00 |
| Past physical and mental pain and suffering | $20,000.00 |
| Future physical and mental pain and suffering | $ 0.00 |
| Loss of enjoyment of life | $ 0.00 |
| Loss of future earnings capacity | $ 0.00 |
| TOTAL | $82,668.78 |

Plaintiff appeals.

## ISSUES

The issues raised by Plaintiff in this appeal are (1) inadequacy of general

1

damage award; (2) failure of the jury to award future medical expenses; and (3) failure of the jury to award loss of future earning capacity.

## GENERAL DAMAGES

The jury awarded Mrs. Noel $20,000.00 for past physical and mental pain and suffering. The Plaintiff contends that she is entitled to an increase in the award of general damages.

In *Andrus v. State Farm Mutual Automobile Insurance Co.*, 95-0801, p. 8 (La. 3/22/96), 670 So.2d 1206, 1210, the supreme court stated:

> In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Only if the reviewing court determines that the trial court has abused its "much discretion" may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion.
> Because discretion vested in the trial court is "great," and even vast, an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, *in either direction*, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
> (Citations omitted.)

Mrs. Noel testified that shortly after the incident at Wal-Mart, she began experiencing pain so great she felt nauseous. Her husband then brought her to Southwest Medical Center of Louisiana Hospital where x-rays were taken and found to be normal. Mrs. Noel was released with a prescription for pain medication.

The following day, Mrs. Noel saw her family doctor, Dr. John Stroy. After examining Mrs. Noel, Dr. Stroy treated her with medication and physical therapy for at least eighteen visits. Thereafter, Mrs. Noel saw an orthopedic surgeon, Dr. Michael Heard.

Dr. Heard examined Mrs. Noel and ordered a cervical MRI. The MRI revealed

multiple bulges. Dr. Heard administered physical therapy and a steroid injection to which Mrs. Noel suffered an adverse reaction. In December of 2001, Mrs. Noel sought treatment with another orthopedic surgeon, Dr. John Cobb.

After examining Mrs. Noel and reviewing all Plaintiff's prior x-rays and medical records, Dr. Cobb ordered a myelogram and CT scan which showed a bulging disc which was compressing the spinal cord at the C5-6 level, along with abnormalities at the C4-5 level. Some fifteen months after the incident, Mrs. Noel underwent a discogram at the upper C4-5 level and an anterior cervical fusion and discectomy at C5-6. Mrs. Noel was in the hospital for one night following her surgery.

Mrs. Noel's surgery was a success, but Dr. Cobb gave Mrs. Noel a residual disability rating of seven to ten percent to her body as a whole. Her life and lifestyle, particularly her household, recreational and family activities have been affected and restricted as a result of her neck injury. According to Mrs. Noel, she can no longer engage in activities that have the potential for contact because she is afraid that something else will happen.

Joseph Noel, Plaintiff's husband, testified that he witnessed the incident and accompanied Mrs. Noel to the Southwest Medical Center of Louisiana emergency room on the day of the incident. He testified that Mrs. Noel had never had any injuries to her neck or pain in that area prior to this incident. He further testified Mrs. Noel began experiencing pain immediately after the incident at Wal-Mart.

We find that under the facts of this case, the jury abused its discretion in its award of general damages. Therefore, we refer to similar cases to determine the a reasonable award for the injuries suffered by Mrs. Noel.

In *Hornage v. White*, 02-1117 (La.App. 3 Cir. 3/26/03), 841 So.2d 1026, *writ denied*, 03-1113 (La. 6/20/03), 847 So.2d 1242, plaintiff sustained injury in a car

3

accident.  The plaintiff underwent an anterior cervical fusion with removal of a ruptured disc.  The trial court judge awarded plaintiff $50,000.00 in general damages, which was affirmed by the court of appeal.

In *Baker v. Freeman*, 97-604 (La.App. 3 Cir. 10/29/97), 702 So.2d 1140, the plaintiff sustained injury in a car accident.  Plaintiff suffered from preexisting spondylolysis, which became symptomatic as a result thereby.  At the time of trial, plaintiff was facing a fusion surgery, with an anticipated recovery period of one year.  The jury at trial awarded general damages of $12,000.00, which was increased to $50,000.00 by the court of appeal.

In *Mathews v. Dousay*, 96-858, (La.App. 3 Cir. 1/15/97), 689 So.2d 503, the plaintiff suffered a herniated cervical disc in an automobile accident.  The accident caused or aggravated the cervical disc condition.  Eight months after the accident, plaintiff underwent a cervical fusion surgery.  Plaintiff was released to work one year after the accident with a ten percent permanent impairment rating.  On appeal, the jury award of $10,000.00 for past, present and future pain and suffering was increased to $50,000.00.

In *Farque v. McKinney*, 576 So.2d 1191 (La.App. 3 Cir. 1991), *writ denied*, 580 So.2d 387 (La.1991), the plaintiff sustained injuries in an automobile accident. The plaintiff underwent an anterior cervical discectomy involving two disc levels. Fragments were removed from the spinal canal related to a soft disc injury at C5-6 and spurring was removed at C6-7.  Prior to the surgery, the plaintiff had experienced significant pain caused by nerve root irritation.  For several months thereafter, he was disabled and in discomfort.  He was assigned ten percent total disability and twenty percent permanent partial disability to his neck.  In this case, this court of appeal determined the lowest award reasonable for these injuries was $60,000.00.

We find that *Hornage, Baker, Mathews* and *Farque* are similar and comparable

4

to the case at bar. And, considering Plaintiff's disability rating of seven to ten percent to the body as a whole, and her loss of enjoyment of life, general damages for such an injury would fall into the $75,000.00 range.

We are mindful of the familiar rule that each personal injury case must be evaluated according to its own peculiar circumstances. *Ammons v. St. Paul Fire & Marine Ins. Co.*, 525 So.2d 60 (La.App. 3 Cir. 1988), *writ denied*, 525 So.2d 1045 (La.1988). Therefore, we conclude that the lowest award that the jury could have reasonably made in this case is $75,000.00. Thus, we award Mrs. Noel $75,000.00 in general damages.

## FUTURE MEDICALS

In her second assignment of error, Mrs. Noel argues that the jury and the trial court erred in failing to award any amount for her future medical expenses.

This court in *Veazey v. State Farm Mut. Auto Ins.*, 587 So.2d 5, 8 (La.App. 3 Cir. 1991), discussed the burden of proof required to support an award for future medical expenses:

> Future medical expenses, like any other damages, must be established with some degree of certainty. The plaintiff must show that, more probably than not, these expenses will be incurred. Awards will not be made in the absence of medical testimony that they are indicated and setting out their probable cost. An award for future medical expenses cannot be based on mere speculation of the jury. Much stronger proof, such as medical testimony of the specific expenses to arise, should be required for such an award.
> (Citations omitted.)

Dr. Cobb, on whose testimony Mrs. Noel relies in asking for increased future medicals, could not testify with any degree of certainty that Mrs. Noel would incur any future medical treatment or expenses. Whether Mrs. Noel will require future medical treatment is speculative at best. Future medical expenses must be proven with "some" degree of certainty or reasonable probability. Without testimony to that effect, we cannot say that the record establishes that "future medical expenses will be

5

necessary and inevitable." Therefore, we do not find the jury abused its discretion in failing to award Mrs. Noel future medical expenses.

## LOSS OF FUTURE EARNING CAPACITY

Mrs. Noel argues that the jury abused its discretion by failing to award her any compensation for her loss of earning capacity.

In determining whether a personal injury plaintiff is entitled to recover for the loss of earning capacity, the trier of fact should consider the degree in which the plaintiff's injuries disadvantages her ability to earn, rather than what the plaintiff actually earned prior to the injury. *Jacques v. Moses*, 98-1389 (La.App. 3 Cir. 3/3/99), 737 So.2d 64.

The record is lacking in sufficient evidence to support an award to Mrs. Noel for loss of earning capacity. In fact, Mrs. Noel was not even employed at the time of the incident at issue in this case and had not been employed for at least two years. Considering the insufficient proof to support such an award, we do not find that the jury abused its discretion in not awarding damages for a loss of earning capacity.

For the foregoing reasons, we amend the judgment to increase the general damage award to $75,000.00. We affirm the judgment in all other aspects. Costs of this appeal are assessed against the Defendant, Wal-Mart Stores, Inc.

**AFFIRMED AS AMENDED.**

6