824 So.2d 422 (2002)
Roxanne C. LeBLEU
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA.
No. 01-1637.
Court of Appeal of Louisiana, Third Circuit.
May 22, 2002.
*423 Barry A. Roach, Larry A. Roach, Inc., Lake Charles, LA, for Plaintiff/Appellee: Roxanne C. LeBleu.
Keith M. Borne, Borne, Wilkes & Brady, Lafayette, LA, for Defendant/Appellant: Safeway Insurance Company of Louisiana.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.
SULLIVAN, Judge.
Roxanne LeBleu was injured on February 13, 2000, in an automobile accident caused by the negligence of Migdalia Reyes. After settling with Ms. Reyes' insurer for its policy limits of $10,000.00, Mrs. LeBleu filed suit against her uninsured motorist carrier, Safeway Insurance Company of Louisiana. After a bench trial, the trial court determined that Mrs. LeBleu sustained the following damages:

Past and future medical expenses $ 2,274.45
Past loss of earnings 424.96
Past and future physical pain and
 suffering 8,300.00
Past and future emotional distress 2,000.00
Past loss of enjoyment of life 3,000.00
Future loss of enjoyment of life,
 combined with permanent disability 5,000.00
 __________
 $20,999.41

Safeway appeals from a judgment rendered against it for its policy limits of $10,000.00, assigning the following errors:
(1) The trial court erred in awarding damages for past loss of enjoyment of life and past future loss of enjoyment of life combined with permanent disability for the reason that (a) loss of enjoyment of life was not pled by the plaintiff as an element of damages; (b) there was no evidence of permanent disability; and (c) the award for future loss of enjoyment of life combined with permanent disability is inconsistent with the trial court's finding that there was no evidence to warrant an award of future pain and suffering.

*424 (2) The trial court erred in awarding a total of $13,300.00 in past physical pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life.

Discussion of the Record
The only witnesses to testify at trial were Mrs. LeBleu and her husband, Troy. In describing the accident, Mrs. LeBleu testified that she was traveling on a four-lane road with a large truck alongside her car when Ms. Reyes' vehicle suddenly pulled out in front of her from the right. Because the truck partially obscured her view, Mrs. LeBleu did not see Ms. Reyes' car until it was too late for evasive action. She applied her brakes, but hit the Reyes vehicle broadside on the driver's side. Upon impact, Mrs. LeBleu was thrown against the steering wheel, and her knees hit the dashboard. She explained that the impact was so severe that the back seat of her car fell forward and a tire tool from the trunk was propelled through the front windshield on the passenger side.
Mrs. LeBleu testified that her knees and her neck were hurting at the scene. She also testified that her chest felt "heavy," with each breath producing a stabbing pain. She was taken by ambulance to West Calcasieu-Cameron Hospital, where she was told that she had a bruised chest. The next morning, however, she was called back to the hospital because x-rays taken the previous day revealed a 40% to 50% pneumothorax of the left lung. Follow-up care included daily chest x-rays that showed the pneumothorax gradually reducing in size so that the insertion of a chest tube was unnecessary. Dr. Walter Ledet, the surgeon monitoring the pneumothorax, released Mrs. LeBleu to return to work on March 8, 2000.
Mrs. LeBleu testified that she was in acute pain from her chest injury for approximately three months. As Dr. Ledet predicted, her chest is often sore during the winter months, and she still "can hardly catch [her] breath" when exercising, such as jogging or swimming. She considered herself to be an active person, but now, at twenty-four years old, she cannot run, exercise, or hunt with her husband as much as she did before the accident.
Mrs. LeBleu was also evaluated by an orthopedic surgeon, Dr. Clark Gunderson, on March 28, 2000 for neck, shoulder, and back pain. Dr. Gunderson prescribed Soma for pain, but because Mrs. LeBleu did not like the effects of that medication she switched to over-the-counter drugs, such as Advil. When she saw Dr. Gunderson, she reported neck and back pain occurring one to two times per week that was aggravated by sitting at her desk for over two hours or by picking up small children. At trial, she testified that she now experiences neck pain three to four times per month.
Her husband, Troy LeBleu, testified that he arrived at the scene shortly after the accident. There, he observed that his wife was hysterical and that she had difficulty breathing. He described the front end of her car as resembling an accordion. He testified that, since the accident, his wife has been unable to go hunting with him and cannot run with him as she used to do. He said that she still takes Advil for neck pain three to four times a month and that she regularly asks him to massage her neck.
In written reasons, the trial judge specifically stated that he found Mrs. LeBleu to be a credible witness and that he was particularly impressed because she did not attempt to exaggerate her injuries. In awarding general damages, the trial judge considered Mrs. LeBleu's hysterical state at the scene, her three-month period of acute pain with residual pain persisting *425 over seventeen months, a permanent disability to her respiratory system, and the change in her once-active lifestyle.

Opinion

Assignment of Error # 1
Safeway first argues that the trial court erred in awarding $3,000.00 for "past loss of enjoyment of life" because Mrs. LeBleu did not separately plead those damages. In support of this argument, Safeway relies on Richard v. Teague, 92-17, p. 22 (La.App. 3 Cir. 5/4/94); 636 So.2d 1160, 1174, writ denied, 94-1934 (La.11/11/94); 644 So.2d 388, where we stated that "loss of enjoyment of life may be included within the category of general damages. However, it is not, of necessity, duplicative of `physical and mental pain and anguish, past and future, and any permanent disability.'"[1]
Although this circuit does recognize that an award for loss of enjoyment of life is not duplicative of a pain and suffering award, we have been unable to find any cases requiring that it be pleaded as a separate element of general damages. Under La.Code Civ.P. art. 861, only items of special damages must be "specifically alleged." Further, La.Code Civ.P. art. 862 provides: "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." (Emphasis added.) The goal of Article 862 is "to enable all litigants to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Montet v. Lyles, 93-1724, p. 7 (La.App. 1 Cir. 6/24/94); 638 So.2d 727, 731, writ denied, 94-1985 (La.11/18/94); 646 So.2d 377 (quoting T.L. James & Co., Inc. v. Kenner Landing, Inc., 562 So.2d 914, 915 (La. 1990)). A party may not receive relief under Article 862, however, if his failure to request a specific form of relief and his conduct at trial "substantially prejudice [his] adversary's presentation of a defense." Id.
"General damages are those which... `involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.'" Duncan v. Kansas City S. Ry. Co., 00-66, p. 13 (La.10/30/00); 773 So.2d 670, 682, cert. dismissed, 532 U.S. 992, 121 S.Ct. 1651, 149 L.Ed.2d 508 (2001) (quoting Keeth v. State, Through the Dep't of Pub. Safety & Transp., 618 So.2d 1154, 1160 (La.App. 2 Cir.1993)). In the present case, the sole issue for the trial court to determine was the amount of Mrs. LeBleu's general damages, as liability and special damages were established by stipulation. Under these circumstances, testimony as to how the accident affected the quality of Mrs. LeBleu's life should not have been unexpected. We cannot conclude that Safeway was prejudiced by Mrs. LeBleu's failure to plead "loss of enjoyment of life" separately from "mental and physical pain and suffering." Accordingly, *426 we find no error in the award for loss of enjoyment of life.
Safeway next argues that the $5,000.00 award for "future loss of enjoyment of life combined with permanent disability" is in error because the medical evidence does not support an award for permanent disability and because an award for future loss of enjoyment of life is inconsistent with the trial court's finding that an award for future pain and suffering was not warranted. We again find no error. The trial court found credible Mrs. LeBleu's testimony that her doctor warned her that her lung would be painful during the winter months and that she has difficulty breathing when exercising. She further testified that this condition has restricted her ability to participate in activities with her family, such as jogging and hunting with her husband and playing with her children. As we recognized in Sengsouly v. Allstate Insurance Co., 99-22 (La.App. 3 Cir. 6/9/99); 744 So.2d 649, writ denied, 99-2526 (La.11/19/99); 749 So.2d 677, an award for disability may include compensation for limitations on activities outside the workplace. Additionally, in light of the above testimony, we find no inconsistency in an award for future loss of enjoyment of life, notwithstanding the trial court's statement that it would not award damages for future physical pain and suffering. Mrs. LeBleu established to the trial court's satisfaction that her injuries restricted her once-active lifestyle, and she is entitled to compensation for this change in her life.

Assignment of Error # 2
Safeway next argues that the trial court erred in awarding $13,300.00 for past physical pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life. In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the supreme court recognized that the trier of fact has "`great,' and even vast" discretion in awarding general damages. Consequently, "an appellate court should rarely disturb an award of general damages." Id. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." Id. Additionally, in Stewart v. Select Insurance Co., 93-666 (La.App. 3 Cir. 2/2/94); 631 So.2d 599, writ denied, 94-545 (La.4/22/94); 637 So.2d 159, we stated that, in reviewing an award for general damages, we must focus on the total award rather than on the awards for each element of general damages.
Safeway's primary argument for a reduction in general damages is that Mrs. LeBleu "ceased all medical care" only one and a half months after the accident. However, Mrs. LeBleu and her husband testified that, some seventeen months after the accident, she still takes over-the-counter medication for residual pain three to four times a month. In reviewing the particular injuries suffered by Mrs. LeBleu, we note the testimony, found credible by the trial court, that she was in acute pain for three months from a lung injury that still produces significant restrictions in the lifestyle of a relatively young individual. The trial court was apparently convinced that the lung injury was very painful and produced a limited disability to her respiratory system, that both the accident and the call from the hospital that all was not well with her x-rays greatly upset her, and that her future activities will continue to be limited by the injuries received in this accident. Under these circumstances, *427 we decline to disturb the trial court's award of general damages.

Decree
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Safeway Insurance Company of Louisiana.
AFFIRMED.
NOTES
[1] As pointed out in Matos v. Clarendon National Insurance Co., 00-2814 (La.App 1 Cir. 2/15/02); 808 So.2d 841, only the fourth circuit has held that it is erroneous to award separate damages for loss of enjoyment of life. However, as Justice Victory observed in his concurring opinion in Joseph v. Broussard Rice Mill, Inc., 00-628, p. 18 (La.10/30/00); 772 So.2d 94, 107, the Louisiana Supreme Court "has never squarely addressed the issue of awarding hedonic damages for loss of enjoyment of life as a separate element of damages."