| LAUNDERS, Judge.
The Plaintiff Betty Klooster was injured in an automobile accident. Mrs. Klooster and her husband instituted an action against the tortfeasor and his liability insurer, Hartford Automobile Insurance Company of the Midwest (hereinafter “Hartford”), and their uninsured/under insured motorist insurer, State Farm Mutual Automobile Insurance Co. (hereinafter “State Farm”). The Plaintiffs subsequently settled with Hartford, and judgment was rendered in the Plaintiffs’ favor against State Farm in the amount of $45,426.00 above the amount previously paid by Hartford. The Defendant, State Farm, now appeals that judgment.

FACTS AND PROCEDURAL BACKGROUND

Betty Klooster was injured in an automobile collision that occurred on January 12, 1999. As a result of the collision, Mrs. Klooster had substantial injuries to her neck, shoulders, lower back, and left foot.
The Kloosters filed suit against the offending driver, John Wilson, and his liability insurer, Hartford. State Farm,, as an additional insurer, was also made a Defendant as the uninsured/under insured motorist (hereinafter “UM”) carrier for the Klooster vehicle. The Plaintiffs ultimately settled with Hartford prior to the trial and reserved their right to proceed against State Farm.
The trial was held in this matter on January 10, 2002, on the claims against State Farm. The liability was not contested. At the beginning of the trial, Plaintiffs’ counsel entered the release and the check issued by Hartford in the amount of forty-five thousand dollars ($45,000.00) into evidence with the court. Subsequently, both parties stipulated to the fact that, by law, State Farm as the UM insurer was entitled to a credit for the fifty-thousand dollar ($50,000.00) limit on the Hartford policy to be subtracted from the Plaintiffs’ total damage award. The only testimony offered at trial was that | ¡>pf Betty Klooster and her husband, Harold Klooster. The depositions of Dr. J. Murrell Nelson, a chiropractor, and Dr. Michael Lombardo, a podiatrist, were introduced into evidence.
In the written Reasons for Judgment dated January 23, 2002, the trial judge assessed damages in favor of Betty Klooster consisting of ten thousand, four hundred and twenty-six dollars ($10,426.00) in special damages based upon the stipulated medical expenses amounting to the same and thirty-five thousand dollars ($35,-000.00) in general damages, for a total of forty-five thousand, four hundred and twenty-six thousand dollars ($45,426.00). Thereafter, on January 29, 2002, the trial judge amended his written Reasons for Judgement by clarifying that the amount of damages assessed was in addition to any amounts previously received from the liability insurer, Hartford. Judgment was subsequently prepared by Plaintiffs’ counsel and was signed on January 30, 2002. State Farm has appealed from this judgment.

*1134
LAW AND ANALYSIS

ASSIGNMENTS OF ERROR
On appeal, State Farm asserts the following assignments of error:
(1) The trial court erred in failing to assess the Plaintiffs’ total damages before casting Defendant in judgment;
(2) The trial court erred in assessing medical specials to be paid by the UM insurer because they were part of the underlying liability policy; and
(3) The trial court awarded excessive damages.

ASSIGNMENT OF ERROR NUMBER 1

In its first assignment of error, State Farm asserts that the trial court erred in failing to assess the Plaintiffs’ total damages before casting Defendant in judgment. State Farm argues that because the trial judge in this case originally issued Reasons for Judgment stating that the Plaintiff was entitled to $10,426.59 in special damages | sand $35,000.00 in general damages, then later amended those Reasons for Judgment to include the statement “in addition to any funds previously received from the liability insurer”, this indicates that the trial judge failed to originally assess the Plaintiffs total damages when casting judgment.
For the foregoing reasons, we find this argument without merit. The trial court was fully aware that the Plaintiffs’ settled with Hartford for $45,000.00 prior to the trial. According to the record, Plaintiffs’ counsel informed the trial judge of the release and settlement with Hartford, then offered into evidence documentation of the release and the check issued by Hartford to the Plaintiffs. Additionally, as evidenced in the record, the judge was aware of the $50,000.00 limit on the policy issued by Hartford and that State Farm was entitled to a credit for the policy limits on the primary insurance policy.
The relevant colloquy during the hearing is as follows:
Defendant’S COUNSEL: Your Honor, the only comment I would make as to that introduction is that, regardless of what was received by the Plaintiff, the credit is for the full amount of the policy. That, that — .the law is such that State Farm gets—
Plaintiffs’ COUNSEL: I don’t — I don’t dispute that
Defendant’S COUNSEL: Okay.
THE COURT: I’m sorry. Please explain.
Defendant’S COUNSEL: Your Honor, the Kloosters received Forty-five Thousand of a Fifty-thousand dollar policy. I just wanted to ...
THE COURT: From Hartford?
Defendant’S COUNSEL: ... right ...
THE COURT: Okay.
Defendant’S COUNSEL: ... to make clear that State Farm’s Rcredit is for Fifty, not Forty-five. The' — credit for the underlying insurance.
Plaintiffs’ COUNSEL: I stipulated to that.
Defendant’S COUNSEL: Okay.
THE COURT: Okay.
Thus, it is clear that the trial judge was aware of the Plaintiffs’ settlement with Hartford, the amount of the settlement, and the limits of the policy issued by Hartford. This being so, it seems clear that the trial judge took all the evidence into account when rendering his Reasons for Judgment. It also follows that the trial judge’s amended Reasons for Judgment were an effort to clarify that he had, in fact, considered the Plaintiffs’ total damages and credited State Farm with the $50,000.00 maximum amount of the Plain *1135 tiffs’ primary policy issued by Hartford, as stipulated by the parties, and that his judgment was in addition to the $50,000.00 limit on the Hartford policy.
Additionally, State Farm argues that it would have been “very easy” for the trial judge to state that general damages totaled $85,000.00 if the trial judge had intended there to be a judgment against State Farm, the UM insurer. The manner in which the trial judge chose to communicate his intent is immaterial, because it is more than clear that the trial judge knew Hartford had already paid damages to the Plaintiffs’ on the liability policy. Furthermore, it is clear from the amended Reasons for Judgment that the trial judge was communicating damages in excess of the credited $50,000.00 representing the limits on the Hartford policy, previously stipulated by the parties. We reject any assertion made by State Farm that the trial judge failed to consider the Plaintiffs’ total damages when rendering his decision as to damages.
| ¿ASSIGNMENT OF ERROR NUMBER 2
State Farm asserts court determines that the trial judge’s award of damages was in excess of those amounts received by the Plaintiff, the judgment should be reduced by the amount of the medical specials because they were part of the underlying liability insurer’s primary coverage. that, if this
Once again, this assignment of error has no merit. There is no legal basis for suggesting that medical specials are to be allotted only to the primary insurer. Also, there is no basis in the record to assert that the medical specials were part of the underlying settlement between Hartford and the Plaintiffs.
The object of the uninsured motorist statute is to promote recovery of damages for innocent automobile accident victims by making UM coverage available for their benefit as primary protection when the tortfeasor is without insurance and as additional or excess coverage when he is inadequately insured. La. R.S. 22:1406(D). The policy issued by Hartford, certainly covered medical expenses suffered by the injured party. However, the Hartford policy was not adequate to cover the Plaintiffs’ entire amount of total damages (general and special). The trial judge was very specific in asserting this amount of damages to State Farm that were in addition to that already paid to the Plaintiffs under the policy issued by Hartford. It controverts the intention of the Uninsured Motorist Statute to reduce the amount of damages assessed to the Plaintiff by the amount of the medical specials. In the trial judge’s wide discretion, he deemed that the Plaintiffs total damages exceeded the coverage of their primary insurance policy by $45,426.00. Thus, under the law, this amount is to be paid by the UM insurer, State Farm. There is no basis for reducing the total amount by the amount of the special damages; thus, this court refuses to do so.

^[¡ASSIGNMENT OF ERROR NUMBER 3

In its final assignment of error, State Farm asserts that the trial court awarded excessive damages to the Plaintiffs. We find that the damages awarded by the trial court were not excessive under the facts of the case. In this case, the judge awarded $10,426.00 in special damages and $85,000.00 in general damages. The $85,000.00 general damage award is made up of the $50,000.00 limit of the Hartford primary insurance polity and the $35,000.00 the trial judge assessed against State Farm beyond the primary policy. Thus, the total damage award was $95,426.00. The standard for the review by this court of a damage award is whether, after an articulated analysis of the facts, the court finds the trial judge abused *1136 his or her great discretion. Theriot v. Allstate Ins. Co.; 625 So.2d 1337 (La.1993); Matta v. Snow, 01-760 (La.App 5 Cir. 1/15/02), 807 So.2d 934. According to the Louisiana Supreme Court, the determination of whether a damage award is excessive is to be made by this court after a review of the facts while considering the individual circumstances of the injured Plaintiff. Theriot, 625 So.2d 1337.
First, we find that the award of $10,426.00 in special damages is not excessive. Each party stipulated to the amount of medical bills and expenses of Mrs. Klooster, thus the amount of special damages cannot be deemed excessive.
Second, the total award of general damages amounted to $85,000.00. General damages are those which involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms. LeBleu v. Safeway Ins. Co. of Louisiana; 01-1637 (La.App. 3 Cir. 5/22/02), 824 So.2d 422. This court recognizes that appellate courts should rarely disturb an award of general damages. | nId. In fact, it is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular Plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id. Accordingly, this court deems that $85,000.00 in general damages is not excessive considering the vast discretion of the trial judge and the particular facts of this case.
Mrs. Klooster testified that she suffered neck, back, ankle, and foot injuries. Mrs. Klooster had a preexisting condition in which her toes were not properly aligned, but are now permanently deformed as a result of the accident. Also, Mrs. Klooster’s third toe became dislocated following the accident. Mrs. Klooster has undergone two surgeries on the injured foot in an effort to repair the toes. Both have been unsuccessful because her pre-existing foot condition has prevented the surgery from improving Mrs. Klooster’s condition. Additionally, Mrs. Klooster’s husband testified that she continues to have pain as a result of the accident and can no longer engage in many of the activities in the manner she did prior to the accident. The deposition of Dr. Michael Lombardo, a doctor of podiatric medicine, indicated that Mrs. Klooster’s foot condition is a chronic daily problem that will continue to give her pain and compromise her ability to ambulate her foot the way she would have liked to.
State Farm argues that Mrs. Klooster’s pre-existing condition in her left foot made her injuries more traumatic than they would have been on a normal, more healthy person. As a result, State Farm asserts that the general damages suffered by Mrs. Klooster should be reduced. This court finds that this argument is without merit in accordance with prevailing law. The Louisiana Supreme Court has recognized that | sa Defendant’s liability for damages is not mitigated by the fact that the Plaintiffs pre-existing physical infirmity was responsible in part for the consequences of the Plaintiffs injury by the Defendant. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993). Accordingly we recognize, yet again, that a Defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct. Thus, the fact that Mrs. Klooster’s preexisting condition makes it impossible for surgery to correct the damage caused by the automobile injury is immaterial.
The fact remains that Mrs. Klooster has suffered significant and continuing injury and pain as a result of the automobile *1137 accident. She now has trouble keeping her balance and cannot engage fully in many of her former activities. Her condition will not improve, as two surgeries have not improved her condition. Thus, her lifestyle has changed significantly for the worse since the accident. Based on the evidence, it is inappropriate for this court to alter the general damages assessed by the trial judge in this instance.

DECREE

For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to State Farm.
AFFIRMED.